*Stevenson & O'Hara, for appellants.*

*J. F. & C. H. Fisk, Simmons & Schmidt, for appellees.*

---

### CONTINENTAL INSURANCE COMPANY *v.* PAUL RANDOLPH.

[Abstract Kentucky Law Reporter, Vol. 2—313.]

**Motion to Transfer to Equity Docket.**

It is not error for the court to overrule a motion to transfer a cause to the equity docket when the motion is not made until after answer is made setting up mistake.

**Oral Evidence.**

Oral evidence is competent where the pleadings present the issue as to whether there was a mistake in reducing a contract of insur-

ance to writing, and to do so is not a violation of the rule that a
written contract can not be altered, erased nor added to without an
allegation of fraud or mistake.

### Evidence.

Where notice or knowledge of the character of instructions re-
ceived by an agent from his principal is not communicated to a
person dealing with such agent, it is proper to refuse to allow him
to answer as to the character of such instructions.

### Waiver of Proof of Loss Under Insurance Policy.

The failure of an insurance company to require exact proof of
loss, and the reliance upon the failure to pay the premium promptly,
was a waiver of the requirement in the policy as to the manner of the
proof of loss.

### Jury to Determine Weight of the Evidence.

It is proper for the court to refuse to instruct the jury as to the
degree or character of the evidence necessary to establish a mis-
take in a contract. It is the province of the jury to pass upon the
weight of the evidence and to determine from all the evidence
admitted whether there was a mistake.

## APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

### March 22, 1881.

OPINION BY JUDGE HINES:

The refusal of the court below to sustain the demurrer to the first
amended petition, because it was inconsistent with the original peti-
tion, was not prejudicial to the substantial rights of appellant, and
need not, therefore, be considered. The same may be said of the
second amended petition. In neither case was there such an abuse of
discretion as would authorize interference by this court.

The motion to transfer the case to the equity docket came too
late. It was not entered until after answer to the second amended
petition setting up mistake, and, it is not, therefore, necessary to
determine whether the case should have gone to equity if the motion
had been made within the time specified by the code.

The pleadings having presented the issues as to whether there
was a mistake in reducing the contract of insurance to writing, it
is clear that oral evidence was competent upon that issue. This
is no violation of the familiar rule that a written contract can not
be altered, erased nor added to without an allegation of fraud or
mistake. Notwithstanding the fact that there is no direct evidence

showing that Weinland was acting for appellant, we see no reason for reversing because his letter to appellee was admitted in evidence. It is difficult to perceive how it could have prejudiced appellant, as it only purported to inform appellee that he had forfeited his policy by failure to pay the premium when due.

The refusal of the court to allow the agent to state, "according to his best knowledge and belief, what the contract was," could not have been prejudicial, since the agent had already been interrogated, and had stated to the best of his recollection what passed between appellee and himself at the time of the making of the contract. There is nothing to show that the answer would have been different, or that it would have been more beneficial to appellant than his previous statements.

It was proper to exclude from the jury evidence as to the character of the instructions received by the agent from the company, where there was no evidence that appellee had knowledge of such instructions; and, after the agent had stated that he did not remember that he had communicated his instructions to appellee, it was proper to refuse to allow him to answer that he "nearly always" informed the person obtaining insurance what his instructions were. Such evidence, in view of the positive statement of appellee as to what the contract was, could not have altered the result.

Unless it could be shown, from the circumstances surrounding the parties at the time the insurance was obtained, that the contract was entered into with reference to the "general custom" of insurance companies in regard to such matters, it was not proper to allow evidence of such custom. The failure of appellant to require exact proof of loss, and the reliance upon the failure to pay the premium promptly, was a waiver of the requirement in the policy as to the manner of the proof of loss. *Phoenix Ins. Co. v. Stevenson*, 78 Ky. 150.

It is immaterial whether the agent acted beyond and outside of his instructions in fixing the time for the payment of the premiums unless the instructions to the agent had been communicated to appellee. He had a right to presume that the agent was acting within his authority, as that authority was unquestioned so far as the taking of risks and stipulating for the payment of premiums was concerned, and there is no evidence that any communication was made to appellee as to the extent of the agent's authority.

The instruction asked for as to the degree or character of the evidence necessary to establish a mistake may be actually correct, but the court properly refused to give it to the jury. The province of the jury was to pass upon the weight of the evidence, and to say from all the evidence admitted by the court whether there was a mistake. The rule is a good one when it is applied to the chancellor, but has no application to jury trials. The question as to whether there was a mistake was properly submitted to the jury, and their verdict is amply supported by the evidence.

The fact that the officer issuing the policy did or did not know of the mistake can not alter the case. Appellee had a right to rely upon the supposition that the agent had authority to stipulate as to time of payment, and the stipulation having been made under this supposed authority appellee was under no obligation to make inquiry to ascertain that the officer issuing the policy knew what his agent had done. There would be quite as much reason for saying that the insured should in the first instance ascertain what the instructions of the agent were.

We see no error in giving or refusing instructions, and as the evidence appears to us to support the verdict, the judgment is *affirmed*.

*R. H. Cunningham*, for appellant.
*Vance & Merritt*, for appellee.