## National Life & Accident Insurance Co. v. Ransdell.
(Decided May 24, 1935.)

560

JOHN P. FLEMING for appellant.

THOMAS C. MAPOTHER, Jr., for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

On August 17, 1917, appellee procured a policy of the Transylvania Insurance Company, by the terms of which he was indemnified against illness, accident, or loss of time by reason thereof, for which he was to pay $3 per month, and assuring him benefits of $7 per week. On November 1, 1918, the appellant took over the business of the Transylvania Company, assuming all its obligations.

Section N-19 of the policy provided:

"The insurance under this policy shall not cover any person under the age of seventeen years nor over the age of fifty years. Any premiums paid to the company for any period not covered by the policy will be returned upon request."

In January, 1934, appellee sued appellant, seeking

to recover $363, alleging that sum to be the total of premiums paid from April 8, 1922, to May, 1931. The policy was issued in 1917, at a time when the insured was forty-five years of age, he becoming fifty in the year 1922. His suit was based squarely on the provision of the section of the policy above set out, alleging that he had paid the premiums as aforesaid, and that the insurer knew, or could have known that he was fifty years of age in 1922. He says that he made demand for a return of premiums and was refused, though he fails to state at what period he made said demand.

The company's main defense was one of estoppel, the ground being that the insured had possession of his policy and knew or should have known its provisions; that it had never received notice of the insured's intention of discontinuing the policy; that it carried him on its books and was liable under its terms until such time as it received notice of a desire to discontinue same, and it asserts that the insured well knowing his age waived his right to discontinue the policy, and by continued voluntary payments, without notice to the insurer that he was over fifty years of age, induced it to keep the policy in force and he elected to keep his policy.

The insurer also pleaded, and it is undenied, that the insured filed indemnity claims with the company, one in December, 1929, and another in January, 1930, which claims were paid by it and and received and held by the insured, thus again waiving his right to a return of premiums or to cancel the policy. The company first denied knowledge of the fact that appellee had reached the age of fifty years in 1922, but by amendment withdrew that allegation.

The court sustained a demurrer to the second paragraph of appellant's answer, and it then filed an amended answer, and later another amended answer, which it also styled set-off and counterclaim wherein it alleged the facts in substance as it had alleged in its original answer, but concluded that it was entitled to the premiums paid because it had waived the provisions of the policy; had furnished the insured protection during the period in question and that same had been furnished at reasonable rates; that the sum of $363 was a reasonable amount for the protective insurance afforded during the long period of time.

The appellee objected to the filing of the amended answer, but later replied to the answer as amended, the reply consisting of a general denial, which was later withdrawn. There was also contained in appellant's second amended answer a plea of limitation, but this need not now be regarded in our view of the case.

The cause was submitted on law and facts in chief, and the court treated the appellee's objection to the filing of the "said answer and counterclaim as a demurrer," sustained the demurrer over appellant's objection, and proceeded to render final judgment for appellee to which appellant objected.

The appellant filed a motion for a new trial, giving in support two grounds: (1) Error of the court in sustaining the demurrer to its answer as amended; and (2) error of the court in rendering judgment against it for $363 and interest. The court overruled the motion, and appellant is moving this court to grant it an appeal.

As the pleadings stand, appellee sued solely on his alleged right to have the premiums returned under the provision of the policy quoted. The company relies on the defense of estoppel, and that it had earned the premiums, and since appellee withdrew his reply the facts pleaded by insured stand uncontroverted, and these facts summarized are, that the company accepted premiums for a period of eight or nine years after it knew the appellee had passed his fiftieth year; that it carried the policy on its books; that it had no notice of appellee's desire for a return of premiums, which he had voluntarily paid for a long period, or intent to cancel the policy. Further, that it paid indemnity benefits in 1929 and 1930, seven or eight years after the insured became fifty years of age, and that the premiums charged for the insurance were reasonable, and that they were premiums earned.

There is only one question to be answered in this case, and that is, Was the company by reason of its acceptance and retention of the premiums voluntarily paid by insured after he became fifty years of age liable to insured upon the policy? If it was, then it should be allowed to retain the premiums, because they were earned; if it was not, appellee should be entitled to a return because the premiums were unearned. There is

an entire absence of any hint of fraud, or bad faith in this case. Neither party makes any sort of charge that could be construed to be such.

It cannot be said that the policy was void, or that the particular section in question is contrary to public policy. We can see no reason why public policy would present an objection to the issuance of indemnity insurance to a person over fifty years of age. It is a matter of everyday practice, according to common knowledge. It may be assumed, and perhaps it is true, that the clause of the policy, which in terms precludes benefits after the specified age, is based on the idea that rates would be higher after the limit as to age had been reached, but we need not speculate on that phase. The company asserts that at all times it knew what it was doing, and appellee fails entirely to show anything that tends toward want of knowledge, or of any mistake on his part, except possibly his assertion by way of denial of the allegation, that he knew, or was charged with knowledge, of the terms of the policy; that is, that when he arrived at the age of fifty he had the right to discontinue his policy, and have a return of premiums, nor does appellee plead fraud, duress, or coercion.

There can be little doubt but that the company was at all times liable to appellee for the indemnities provided by the policy. Certainly so when the question of liability is measured by the affirmative pleadings by it, and no less so by the application of principles of law, and most assuredly by all equitable principles. This court has little hesitancy in saying that if a cause was now before the court between the same parties, based on the same contract, and the insured was here seeking to collect indemnities, under the same circumstances and facts as here exist, it would hardly permit the insurer to escape liability on a plea that the premiums were paid after the insured had passed fifty years.

In the case of Denton v. Provident Life & Accident Insurance Co., 238 Ky. 26, 36 S. W. (2d) 657, quoting from Equitable Life Assurance Society v. Brewer, 225 Ky. 472, 9 S. W. (2d) 206, it is said that in case an insurance company retains an overdue premium, without notice to the insured that conditions are imposed upon reception of the premium, it will be held to have waived any right of forfeiture, and is estopped to claim

that the policy was not in force. See also, Citizens' Nat. Life. Ins. Co. v. Egner, 167 Ky. 476, 180 S. W. 778, 779, in which the court said:

"It is a well-settled rule that where the insurer, having knowledge of the facts to which he has a right to take exceptions, or which would constitute a defense against any claim under the policy if he choose to avail himself of them, so bears himself thereafter in relation to the contract as fairly to lead the insured or the beneficiary to believe that the company still recognizes the policy to be in force, he will be estopped from afterwards denying that it is in force."

In Ky. Live Stock Ins. Co. v. Stout, 175 Ky. 343, 194 S. W. 318, 320, this court held that the company might and did waive prerequisite of written notice of the illness of a horse which was insured, the notice having been given verbally to the company's agent; the court further holding that such notice to the agent was sufficient, and bound the company, which by retaining the premium remained liable. The court said:

"Insurance companies will not be permitted to treat the policy as valid for the purpose of collecting premiums and invalid for the purpose of indemnity."

As a general rule an insurer may waive any provision of a policy which is for the insurer's benefit, as was the character of the provision here. N. Y. Life Ins. Co. v. Evans, 136 Ky. 391, 124 S. W. 376; South v. P. F. & M. Ins. Co., 217 Ky. 612, 290 S. W. 493; National Mutual Benefit Ass'n v. Jones, 84 Ky. 110; U. S. Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S. W. (2d) 938, 76 A. L. R. 12; Henry Clay Fire Ins. Co. v. Grayson County State Bank, 239 Ky. 239, 39 S. W. (2d) 482.

The foundation of the doctrine of waiver is that the company has by its conduct induced the insured to believe that the insurance would not be affected by a variation from the strict letter and rigid requirements of the policy. Boggess v. Ins. Co. of North America, 235 Ky. 529, 31 S. W. (2d) 899. The reason for the rule is obvious, as it would be unjust and unfair, for the insurer, after liability had attached, to assert and insist upon something it had led the insured to believe it

would waive. An insurer having knowledge of grounds which would work a forfeiture or permit it to evade liability must, within a reasonable time, assert such grounds or be thereafter estopped. Svea Fire & Life Ins. Co. v. Foxwell, 234 Ky. 95, 27 S. W. (2d) 675.

Enough has been said above to justify the assertion that the insurer here, under the facts and circumstances shown, was liable on the policy held by insured. Under the decisions cited, and others which might be, had the insured at any time filed claim for indemnity and been met with refusal, any court having before it the question, would have been compelled to decide in favor of the insured. Liability having attached, and the premiums earned, the insured may not recover, certainly not in the absence of any claim of fraud or mistake, or duress or coercion in the collection of premiums from him. The clause of the policy in question, in so far as it involved the rights of the insured, was unambiguous. It was in no wise technical or complicated. It simply told insured that his policy would carry no benefits after he reached fifty years of age, and that he would receive any premiums paid after that time upon a request. He may not have read it, but he is chargeable with the knowledge of its contents. Thus knowing, or charged with knowing, he continued to pay for ten years after reaching fifty years of age. In view of what has been said, we must hold that the court erred in sustaining the demurrer to appellant's answer. The motion for appeal is sustained, the appeal granted, judgment reversed, and cause remanded for proceedings consistent herewith.

Judgment reversed.

The whole court sitting.