## Wacker's Adm'r v. Independence Ins. Co.

(Decided May 24, 1938.)

WILLIAM A. HUBBARD for appellant.

WM. H. CRUTCHER, JR., and PETER, HEYBURN, MARSHALL & WYATT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On September 24, 1928, the Inter-Southern Life Insurance Company issued its policy of insurance to Adolph G. Wacker, in consideration of an agreement to continue as a subscriber or "home reader" of certain newspapers and the payment of an undisclosed registration fee. The insurance was against death or disability resulting from accidental means as defined and limited by the several parts or sections of the policy, but only for the term of 12 months from the date of the contract. There is no provision for renewal of the policy except the implications of a section providing that each consecutive renewal would increase the amount of the benefits provided for death or certain physical losses at the rate of 10% until 50% was thus added, and thereafter so long as the policy should remain in force the insurance would be for the original amounts and the accumulations. However, premiums were paid and the policy was regarded as renewed. On an undisclosed date, as is evidenced by a rider attached, the Federal Union Life Insurance Company reinsured the policy and assumed liability under it. It is stated in this rider that the renewals would be for a period of six months. Then the appellee, Independence Insurance Company, assumed the risk from July 1, 1934, to continue until the next due date for renewal premium and any renewal thereafter. The contract provided that it should not cover any person over 70 years of age.

According to the petition herein, Wacker paid premiums on this policy carrying it until March 24, 1936. A week before that date he tendered a renewal fee for the ensuing six months but the company refused to accept same. He was not then 70 years old, but would have reached that age on May 2, 1936. On April 3, 1936, or ten days after the policy expired, Wacker was killed by being struck by an automobile while crossing a public highway. The policy covered such manner of death and the original indemnity plus the accumulations amounted to $1,875.00. His administrator sued the appellee to recover that sum. A demurrer was sustained to his petition and it was dismissed.

There was a reservation in the policy that the com-

pany might cancel it at any time by written notice and returning the unearned portion of paid premiums. There was no provision that it might refuse to accept any premiums in renewal of the policy. Appellant's argument is that the clause authorizing a cancellation of the contract cannot, under the rule of a liberal construction in favor of the insured, be regarded as authorizing a refusal to accept a renewal premium. It does not seem to us that that clause is involved. Nor does the pleading that the refusal to accept the renewal fee have the effect of keeping the insurance in force seem to be sound law. The contract was strictly a term policy. It is not unlike a fire insurance policy, which, when it expires, becomes an executed contract. Of course, as was done here for some ten years, the contract may be continued by the agreement of the parties from term to term. But when the last term expires the contractual relation ends. There is nothing in this contract binding either the insurer or the insured to renew it. There is no option given the insured either to drop the insurance or continue it as he might choose, which by implication might be regarded as binding the company to accept a tender of the premium. On the contrary, there is a provision, as we have stated, that the policy should not cover a person over the age of 70 years. Cf. National Life & Accident Insurance Company v. Ransdell, 259 Ky. 559, 82 S. W. (2d) 820. While the insured was killed a month before he reached that age he would have automatically gone from under the coverage within the six months' period for which the tendered premium was offered.

No one would claim the courts have the power to coerce a party into making a contract with another in the absence of some obligation previously assumed to do so. And if that cannot be done in the first instance, it could not be done to extend a contract merely because one of the parties to it offered to extend it. The courts can construe a contract but not construct one. See for somewhat analogous case, Richmond v. Travelers' Insurance Company, 123 Tenn. 307, 130 S. W. 790, 30 L. R. A., N. S., 954.

We think, therefore, the demurrer was properly sustained and the judgment is affirmed.