Celinda LAWSON, Appellant,

v.

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA, Appellee.

No. 2007–CA–000033–MR.

Court of Appeals of Kentucky.

Feb. 15, 2008.

Rehearing Denied April 14, 2008.

Discretionary Review Denied by
Supreme Court Dec. 10, 2008.

Case Ordered Published by
Supreme Court Dec. 10, 2008.

M. Austin Mehr, Austin Mehr Law Offices, Lexington, KY, for appellant.

Joseph L. Hamilton, Marjorie A. Farris, Stites & Harbison PLLC, Louisville, KY, Frank G. Burt, Roland C. Goss, Jorden Burt LLP, Washington, DC, for appellee.

Before CAPERTON and VANMETER, Judges; KNOPF, [1] Senior Judge.

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

KNOPF, Senior Judge.

Celinda Lawson appeals from a summary judgment of the Jessamine Circuit Court dismissing her claim against American Bankers Life Assurance Company of Florida (American Bankers) for failure to refund premiums for credit life insurance. For the following reasons, we affirm.

The facts are as follows. Celinda and her deceased husband, Ronald Lawson, refinanced their home mortgage on August 22, 1998. They borrowed $31,853.00 from First Plus Direct secured by a first mortgage on their home. As part of this transaction, the Lawsons purchased credit life insurance from American Bankers, which provided life insurance up to the amount of the loan balance for the first sixty months of the mortgage. The premium charged under the terms of the policy was $1,853.00, which was paid in a single lump sum at the commencement of the policy. Ronald died on March 26, 2001, in the thirty-second month of coverage. Celinda received the full amount of the death benefit to which she was entitled under the policy from American Bankers.

Celinda filed suit in Jessamine Circuit Court on February 4, 2002, against American Bankers for alleged violations of Kentucky law by failing to refund the excess unearned premium and for failure to adhere to the terms of the insurance contract issued to the Lawsons. Both parties moved for summary judgment on the issue of the non-refunded premium. The trial court granted partial summary judgment in favor of American Bankers entered on January 8, 2003. The order was amended to make the partial summary judgment final and appealable by agreement of the parties on December 14, 2006. This appeal followed.

No Kentucky case is directly on point with the issues of this appeal. However, the clear language of Kentucky statutes concerning the issue of premiums is applicable here. KRS 304.19–090(2) titled "Premiums and refunds" provides:

Each individual policy or group certificate shall provide that in the event of termination of the insurance prior to the scheduled maturity date of the indebtedness, any refund of an amount paid by the debtor for the insurance shall be paid or credited promptly to the person entitled thereto. The executive director shall prescribe a minimum refund and no refund which would be less than such minimum need be made. The formula to be used in computing such refund shall be filed with and approved by the executive director. Nothing contained in this section shall require the debtor to surrender any policy or group certificate for cancellation or termination solely because the indebtedness has been paid in full prior to the scheduled maturity date nor require the insurer to return any premiums.

Celinda argues that the insurance coverage was terminated prematurely by the death of Ronald and that there are no provisions in the contract stating that the five year prepaid premium is earned when death occurs. Celinda reasons that Ronald's death acted as a termination event ending the coverage because it occurred before the expiration of the sixty month coverage. She argues that American Bankers was able to "retain, as a 'bonus', [twenty-eight] months of premiums on the life of someone who has already died."

The lower court correctly summarized the impact of KRS 304.19–090(2) on credit life insurance premiums and refunds.

The fact that the statute provides that "nothing contained in this section shall ... require the insurer to return premi-

ums" in the same sentence that provides that "nothing contained in this section shall require the debtor to surrender any policy or group certification for cancellation or termination solely because the indebtedness has been paid in full prior to the scheduled maturity date" is a clear indication that even if the debtor pays the debt in full prior to maturity, he is not entitled to a refund unless specifically provided for in the policy. We agree with this interpretation of KRS 304.19–090(2) and hold that it does not entitle Celinda to a refund on her premium paid in advance. There is no premium refund due in this situation because when American Bankers assumed the risk of Mr. Lawson's death, all of the premium paid for that assumption of risk was "earned." *See Phoenix Ins. Co. v. Stevenson*, 78 Ky. 150, 1879 WL 6699 (Ky.1879); *National Life & Accident Ins. Co. v. Ransdell*, 259 Ky. 559, 82 S.W.2d 820 (Ky.1935). Since American Bankers paid the death claim and because the policy does not state otherwise, American Bankers is not required to refund premiums to Celinda for the remaining months of the policy.

Celinda also argues that the second sentence of KRS 304.19–060(4) entitles her to a refund because it states "in all cases of termination prior to scheduled maturity, a refund shall be paid or credited...." However, we agree with the lower court's reasoning that the second sentence of KRS 304.19–060(4) serves only to explain and modify the first sentence, which deals with renewal or refinancing prior to the scheduled maturity date. With regards to Celinda's misplaced understanding of the second sentence, the trial court noted, "otherwise, [KRS 304.19–060(4)] would be entirely inconsistent with KRS 304.19–090(2) which is specific in its intent not to require insurers to return premiums in all cases." We agree.

The judgment of the Jessamine Circuit Court is affirmed.

ALL CONCUR.