CLARK & LEMMON, Defendants in Error, v. BROWN AND OTHERS, Plaintiffs in Error.

1. Where a scire facias to enforce a mechanic's lien is issued against the contractor who built the building against which the lien is claimed, and also against the owners thereof, and it appears on the trial that plaintiffs had not given the notice of the claim of lien to plaintiffs within the time required by statute, the owners, however, not contesting in their answer the validity of the lien on the ground of the want of the requisite thirty days' notice, and not excepting to any act of the court during the progress of the trial, and making no motion in arrest of judgment or for a new trial ; *held*, that the contractor can not be permitted to attack the validity of the lien on the ground of a want of timely notice, though he may contest the plaintiffs' demand, so far as the validity and extent of the debt is concerned.

*Error to St. Louis Circuit Court.*

*Scire facias* to enforce a mechanic's lien under the St. Louis mechanics' lien act of February, 1843. The *scire facias* issued against Brown, the contractor for the erection of the building upon which a lien is claimed to exist, and Scarritt & Mason, owners thereof. Scarritt & Mason, in their answer, "admit that they received notice of plaintiffs' claim on the 22d day of July, 1852." "They pray the court to protect them in any judgment that may be rendered against the said Brown or the said building." It is not alleged in this answer that the notice given was not given within the proper time. Brown filed a separate answer. It was shown on the trial that the notice of the claim of lien was given to Scarritt & Mason more than thirty days after the accrual of the indebtedness for which the lien is claimed. In the statement of the demand of plaintiffs, filed in the Circuit Court, the building upon which the lien was claimed was described as follows : " A certain four story brick warehouse, situated between Second and Third streets, and between Vine street and Washington avenue, on the south side of said Washington avenue." On the trial, plaintiffs were permitted to amend their *scire facias* by inserting the following allegation : " The said Wm. G. Clark and Andrew Lemmon hav-

Clark v. Brown.

ing given to the said owners notice of their intention to hold the said warehouse for said demand." Scarrett & Mason assented to this amendment. Brown demurred to the amended *scire facias ;* the demurrer was overruled. The record shows that defendant, Brown, alone excepted to the action of the court below in receiving evidence objected to, in refusing instructions, &c. The jury gave a verdict for plaintiffs.

*Barrett*, for plaintiffs in error. The court erred in permitting the amendment of the *scire facias.* Such a writ can not be amended by inserting any thing not in the record upon which it is founded. There was no notice given to the owners of the building within thirty days after the accrual of the indebtedness, and no copy of this notice was filed with the lien. (Sess. Acts, 1842, p. 83.) The description was not good. (Ib. p. 84, § 4.)

*Polk*, for defendants in error. Scarrett & Mason, the owners of the building, do not object to the sufficiency or timeliness of the notice of the lien, or of the lien itself. The statute provides for giving notice to the owner for his benefit and not for the benefit of the contractor. The contractor has nothing to do with the matter of giving notice to the owner, and should not be permitted to raise objection on that score. It is Brown who makes all the objections in this case.

LEONARD, Judge, delivered the opinion of the court.

In order to constitute a valid lien in favor of a material man under a contract, not with the owner, but with the contractor, pursuant to the St. Louis mechanics' lien act of February, 1843, it is essential that the party who desires to acquire the lien should give notice of his intention to the owner within thirty days after the indebtedness accrued, or the completion of the building or improvements. If, however, the owner or his agent can not be found, a written notice may be placed, as a substitute for the personal notice, upon some conspicuous part of the building, and a copy filed in the proper office with the lien. Of

10—VOL. XXII.

course this written notice, which is allowed in case of the party whose duty it is to give notice, must be affixed to the building within the same time prescribed for personal notice. It is suggested in the present writ of *scire facias,* that the plaintiff had notified the defendants of his intention to fix a lien upon the building, but it is not averred or shown that it was given within the required time, or in what manner, whether personally or constructively—whether by delivering the notice to the party, or affixing it upon the building, and filing a copy in the clerk's office with the claim for the lien. The notice, however, in one form or the other, within the required time, is manifestly essential to create a valid lien against the building, where the materials are furnished or the work done under a contract with any person other than the owner, and the suggestions of the writ would seem to be insufficient to warrant us in imposing this debt as a lien upon the building.

But the difficulty is that, so far as Brown, the contractor, is concerned, this is a part of the case in which he has no interest, and the owners, the only parties really interested in it, make no objection. It is true, both contractors and owners may be and probably are proper parties to the *scire facias*—the contractor, because he is interested in the question of indebtedness, being bound to indemnify the owner against this charge upon his property—and the owner, because his property is thereby subjected to the payment of the debt, his interest extending to both debt and lien, as the latter involves the former. It is true that all these parties bring the case here, and join in the assignment of errors ; but the owners do not in their answer expressly contest the lien on the ground of the want of the thirty days' notice, nor do they except to any act of the court during the progress of the trial, and they have neither moved for a new trial or in arrest of judgment, and, we presume, do not in fact complain here of the alleged error.

The points, too, made by Brown, that we consider of any weight, are confined exclusively to matters affecting the validity of the lien, and do not touch the extent or validity of the debt ;

and the judgment is a special one against the building only, and not against the property or person of Brown, and can not affect his interest in any particular, that we can see. It would probably conclude him in a subsequent suit by the owners against him for indemnity, as to the validity and extent of the debt, and so far he may unquestionably contest the plaintiff's demand; but we see no reason why he should be allowed to go further and call in question things in which, so far as he shows, he has no interest. The judgment is affirmed.