## C. B. WETHERED ET AL. v. W. E. GARRETT, JR., ET AL.

APPEAL BY WYNN & HENWOOD FROM THE COURT OF COMMON
PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1891—Decided February 23, 1891
[To be reported.]

1. The sufficiency of the description in a mechanics' lien, of the building against which it is filed, is a matter that affects and concerns the owner only, and when he has suffered judgment by default in a scire facias on the lien, the contractor, sued with him, has no standing to defend on the ground that the building was not properly described.

2. It seems: The benefits of the mechanics' lien laws are not restricted to citizens of this commonwealth, and one who is a citizen of another state, and resides and does business therein, may file a mechanics' lien against a building within this state, for materials furnished by him, in and about its erection and on its credit, upon the order of the contractor.

3. It seems: In a scire facias upon a mechanics' lien for the price of heating and ventilating apparatus for a greenhouse, furnished to the contractor, a plea filed by the contractor, specially denying that such materials were furnished on the credit of the building, does not require the plaintiff to show affirmatively more than that they were furnished for the particular building.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 131 July Term 1890, Sup. Ct.; court below, No. 30 October Term 1889, C. P.

On June 24, 1889, Charles B. Wethered and Edmund C. Wethered, trading as Thomas W. Wethered's Sons, successors to Thomas W. Wethered, brought scire facias sur mechanics' lien against William E. Garrett, Jr., owner or reputed owner, and Thomas Wynn and Alfred Henwood, trading as Wynn & Henwood, contractors.

The lien in question was filed on April 22, 1889, for the sum of $1,221.73, against "All those four certain buildings known as the palm-house, two greenhouses, and pit, and lot or piece of ground and curtilage appurtenant thereto, being the

ground covered by such buildings and so much other ground immediately adjacent thereto and belonging in like manner to the owner of said buildings and ground as may be necessary for the ordinary and useful purposes of said buildings, situate in Lower Merion township, Montgomery county, Pennsylvania, and being part of that larger tract or piece of ground described according to plan of Daniel Kinzie, surveyor, made first of December, 1885; [giving a description by metes and bounds] containing forty-four acres, sixty-four perches."

The bill of particulars appended to the lien showed the claim to be for the furnishing of various boilers, pipes, pipe fittings, and castings, etc., between October 1 and November 13, 1888.

Judgment was entered against William E. Garrett, Jr., owner, for want of an affidavit of defence. Wynn & Henwood, contractors, filed an affidavit of defence and obtained a rule to strike off the lien. After argument, the court discharged the rule except as to certain items for freight, railroad fare, etc., which were ordered to be stricken out without prejudice to the remainder of the lien, and amended the judgment against the owner, upon a rule to open the same, by excluding therefrom the amounts of the same items.* The defendants Wynn & Henwood then filed the following pleas: "Nil debet; nunquam indebitatus; that the plaintiffs are not, nor are any of them, citizens of Pennsylvania; that the materials charged for in the lien were not furnished on the credit of the buildings or any of them; that the buildings are not sufficiently described in the lien filed."

At the trial on March 17, 1890, the following facts were shown:

In the year 1888, William E. Garrett, Jr., gave out contracts for the erection of a group of conservatories upon the tract of land described in the lien, then owned by him. The plans prepared by his architect provided for the erection of a building divided by a partition into two greenhouses, and for another structure called the palm-house, upon a separate foundation and with a separate roof, but joined to the greenhouses and having communicating doors by which to pass from one to

---

* See Wethered v. Garrett, 7 Pa. C. C. R. 529, 535.

Charge of Court below.

the other.   The plans provided also for a system of heating apparatus, by which all the greenhouses could be heated from a common source, but so arranged that either of them could be heated separately.   The heat was to be supplied from a " pit " or boiler room, adjoining one of the greenhouses, and placed in the cellar of a building occupied as a dwelling by the gardener.   There was some difference in the opinions of the witnesses, given upon the trial, as to whether these various structures ought to be regarded as together constituting one building, or whether one or more of them should be regarded as separate buildings, distinct from the others.   The architect who prepared the plans testified that, speaking as an architect he would call them one house, but that for purposes of horticulture they were separate buildings.   Witnesses for the plaintiffs testified that the buildings as they were erected could readily be identified by the description given in the mechanics' lien.

The contract for putting in the heating apparatus was given to Wynn & Henwood, who ordered from the plaintiff firm, in New York, the supplies required for that purpose.   They were shipped by the plaintiffs in September, 1888, except certain valves, etc., for controlling the heat in the pipes leading from the greenhouses into the palm-house, which were furnished about November 5, 1888.   While the work was in progress, a set of ventilating apparatus was directed to be put in also. This was ordered from the plaintiffs by Wynn & Henwood, some time after placing the order for the heating apparatus. The ventilating apparatus was furnished and put in early in 1889.   The various articles furnished by the plaintiffs were furnished expressly for the conservatory buildings in course of erection for Garrett.

After the completion of their contract with Garrett, the firm of Wynn & Henwood became insolvent and made an assignment for the benefit of creditors.

At the close of the testimony, the court, WEAND, J., charged the jury in part as follows :

[Objection is made to this lien, first, that the locality of the building and the description of the building are not sufficiently described.   Now, all that the law requires in a case of this kind

Charge of Court below.

is that the claim shall correspond nearly enough with the actual facts of the case to identify the property ; and when there is enough in the description of the situation and other peculiarities of the building to identify it, the statute is satisfied. You heard the testimony of Mr. Corson, the surveyor who visited these premises, and who testified to you that owing to the peculiarity of this building, its location, etc., there would be no difficulty, in his mind at least, of identifying it from merely reading the claim. It is not necessary that every stranger should be able to do this, of course. It must be some person who is there for that purpose. If, therefore, you find that, owing to the peculiarity of these buildings, their location, or anything else connected with them, there is enough in this description to point out these as being the buildings mentioned in the claim, then the words of the statute are satisfied.] [1]

[It is also said that they were not furnished on the credit of the building. This is necessary, because if these plaintiffs furnished this material on the personal credit of the contractors, they cannot look to the building to secure their claim ; but the law presumes, in the first place, that materials thus furnished are furnished on the credit of the building, and there is not a word of testimony in this case, so far as I can recollect, which would go to rebut that presumption, or to show that they were not furnished on the credit of the building.] [2]

It is also said that they were not furnished in time ; that is, within six months of filing the lien. [The lien was filed on April 22, 1889 ; and, if you believe the testimony of the plaintiffs' witnesses, part of these articles were furnished so late as November, and I think one says in December, which would certainly bring it within the six months. I think there was some testimony from one of the witnesses for the defendants, Mr. Jones, that the work was not completed until some time in the beginning of 1889 ; so that if you believe that testimony of the defendants' witness, or believe the testimony of the plaintiffs upon that point, these materials were furnished in time.] [3] . . . .

[There is nothing to be drawn in this case against the plaintiffs, from the fact that they are New Yorkers. No matter what state they come from, they are entitled to the protection of our laws, and the jury would not be doing themselves or

the state of Pennsylvania or the county of Montgomery justice, if they decided this case against the plaintiffs merely because they were not residents of this state.] [4]   No inference, of course, should be drawn against the defendants, on the other hand, simply because they are insolvent or have made an assignment. Neither of these facts has anything to do with this case.

The defendants have asked me to charge you on several points of law:

1. Plaintiffs, not being citizens of Pennsylvania, are not entitled to the benefit and cannot take advantage of our mechanics' lien laws, and the verdict must be for the defendants.

Answer: This is refused.   This is not the law. [5]

2. There can be no lien filed for the articles charged for in this case, and the verdict should be for the defendants.

Answer: This is refused. [6]

3. If the jury believe that the only work with which the defendants, Wynn & Henwood, were concerned, was the heating of the building, then the verdict should be for the defendants.

Answer: This is refused. [7]

6. If the jury believe that the structure against which the lien is filed constitutes but a single whole and complete building, then the verdict should be for the defendants.

Answer: This is refused. [10]

7. If the jury believe that the articles charged for were furnished not under a single contract for the entire lot of articles charged for, then the verdict should be for the defendants.

Answer: This is refused. [11]

—The jury returned a verdict for the plaintiffs for $1,294.66. A rule for a new trial having been discharged and judgment entered, defendants Wynn & Henwood took this appeal, assigning for error:

1–4. The parts of the charge embraced in [ ] [1 to 4]

5–7. The refusal of defendant's points. [5 to 7]

10, 11. The refusal of defendant's points. [10 11]

*Mr. Webster A. Melcher* (with him *Mr. Alexander Simpson, Jr.*), for the appellants:

1. There is a legal standard for the identification required in the description which a mechanics' lien must set forth, and the description in the present case was insufficient: Wray v.

Haines, 4 W. N. 358; Barclay's App., 13 Pa. 495; Singerly v. Cawley, 26 Pa. 248; Short v. Ames, 121 Pa. 530; Short v. Miller, 120 Pa. 470; Titusville Iron Works v. Oil Co., 130 Pa. 211. Whether a structure be one or two buildings, is for the jury, if it depend on disputed facts: Munger v. Silsbee, 64 Pa. 454. The testimony was conflicting in this case, but it cannot be doubted, under the evidence, that the structure did not constitute " four buildings," and if not there can be no recovery on the lien as filed, as there is no statute authorizing such a lien. Moreover, the " pit " is not a building within the mechanics' lien law: Short v. Miller, 120 Pa. 470; Short v. Ames, 121 Pa. 530; Miller v. Oliver, 8 W. 514; and this was a question for the court: Patterson v. Frazier, 123 Pa. 414.

2. The answer, " This is refused," to our sixth point, was insufficient and erroneous. The court should have given the jury the legal rule suggested by the point, instructing them as to the applicability of the point to the facts: Hays v. Paul, 51 Pa. 134; Killion v. Power, 51 Pa. 429; Allegheny V. R. Co. v. Steele, 11 W. N. 113; Noble v. McClintock, 6 W. & S. 58; Cross v. Tyrone M. & M. Co., 121 Pa. 387; Huddleston v. West Bellevue Bor., 111 Pa. 110; Duncan v. Sherman, 121 Pa. 520; Peoples' S. Bank v. Denig, 131 Pa. 241; Pistorius v. Commonwealth, 84 Pa. 158; Penna. Co. v. Toomey, 91 Pa. 256; Amer v. Longstreth, 10 Pa. 145; Hughes v. Boyer, 9 W. 556; and should have given such an answer as would be intelligible to the jury: Mills v. Buchanan, 14 Pa. 59. The negative pleas of the defendants put the plaintiffs on proof of their whole case and excluded any presumption that the materials were furnished on the credit of the building: Tr. & Haly Pr., § 2012; Pittsburgh v. Walter, 69 Pa. 365. Proof of that fact was essential to recovery: Poole v. Railway Co., 1 Mona. 170.

3. When materials are furnished for two or more buildings not the subject of an apportioned lien, a claim must be filed against each building, and within six months from the furnishing of the materials to each of them respectively, whether the contract was an entire one or a separate one for each building: Wilson v. Forder, 30 Pa. 129; Bartlett v. Kingan, 19 Pa. 341; Full v. Austin, 1 W. N. 457. Moreover, the existence of separate contracts for the heating and the ventilating apparatus, imposes an additional limitation; i. e., the limitation al-

ready mentioned, as to time, applies separately to each of these contracts respectively: Yearsley v. Flanigen, 22 Pa. 489; McKelvey v. Jarvis, 87 Pa. 414; Rush v. Able, 90 Pa. 153.   The putting in of boilers, pipes and movements for the heating and ventilating of the buildings, did not constitute the erection of any primary or leading division of the structure, so that a right of lien could be conferred upon the plaintiffs as sub-contractors or material-men.: Harlan v. Rand, 27 Pa. 511; Singerly v. Doerr, 62 Pa. 9; Duff v. Hoffman, 63 Pa. 192; Schenck v. Uber, 81 Pa. 31; Tilford v.Wallace, 3 W. 141; Best v. Baumgardner, 122 Pa. 24.   Such machinery is not within any specific enactment and a lien cannot be filed for it, because it is not reasonably necessary to equip the building: Dimmick v. Cook, 115 Pa. 573; Jarechi v. Society, 79 Pa. 403; Marshall v. Kaighn, 2 W. N. 426; Gardner v. Gibson, 21 W. N. 121; Vail v. Weaver, 132 Pa. 363.

4. The plaintiffs are residents and therefore citizens of New York: Gassies v. Ballon, 6 Pet. 762.   We contend, therefore, that they are not entitled to a lien, as only citizens of Pennsylvania are entitled to the benefits of our mechanics' lien laws. Those laws are not to be extended beyond the legislative intention: Commonwealth v. Fraim, 16 Pa. 163; Tilford v. Wallace, 3 W. 141; Best v. Baumgardner, 122 Pa. 24; East Union Tp. v. Ryan, 86 Pa. 459.   Other acts in pari materia are to be consulted in determining that intention.   As to what it is, see Noll v. Swineford, 6 Pa. 191; and the following statutes, specifically confining the right, in certain cases, to persons resident within particular counties, as illustrative of the line of legislative thought: § 29, act of June 16, 1836, P. L. 696; act of January 23, 1849, P. L. 686; §§ 1, 2, act of March 24, 1849, P. L. 675; act of April 9, 1849, P. L. 495; act of May 1, 1861, P. L. 550; act of April 1, 1873, P. L. 476; act of May 18, 1887, P. L. 118; act of April 4, 1867, P. L. 749; act of February 27, 1868, P. L. 212; act of April 13, 1869, P. L. 887; act of August 1, 1868, P. L. 1169; act of May 13, 1871, P. L. 844; act of April 8, 1868, P. L. 752.

5. The principle we contend for has been recognized in the analogous cases of the debtor's exemption: Snow v. Dill, 6 W. N. 330; Collom's App., 2 Penny. 130; McWilliams v. Newlin, 1 Chest. Co. 50; Yelverton v. Burton, 26 Pa. 354; McCarthy's

Arguments.

App., 68 Pa. 217; the widow's exemption: Groves's Est., 5 Pa. C. C. R. 498; 1 Rhone, O. C. Pr., 294; Platt's App., 80 Pa. 502; Spier's App., 26 Pa. 233; and the regulation of the powers and rights of married women: Loftus v. F. & M. N. Bank, 133 Pa. 97. "We do not legislate for men beyond our jurisdiction:" Yelverton v. Burton, 26 Pa. 354. Our construction of the mechanics' lien laws does not make them offend against article IV., § 2, of the federal constitution, and § 1 of the fourteenth amendment. A privilege conferred by the local laws of a state, such as the right to file a mechanics' lien, is not one of the privileges which citizens of other states are guaranteed the right to enjoy, along with our own citizens: Corfield v. Coryell, 4 Wash. C. C. R. 380; Conner v. Elliott, 18 How. 591; Ward v. Maryland, 12 Wall. 418; Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Scott v. Sandford, 19 How. 393; McCready v. Virginia, 94 U. S. 394; Slaughter-House Cases, 16 Wall. 36; Walker v. Sauvinet, 92 U. S. 90; Hurtado v. California, 110 U. S. 516; Kennard v. Louisiana, 92 U. S. 480; Foster v. Kansas, 112 U. S. 201.

*Mr. Henry C. Boyer* and *Mr. J. Rodman Paul* (with them *Mr. Biddle* and *Mr. Ward*), for the appellees:

1. The question of the sufficiency of the claim upon its face could not be raised at the trial: Lee v. Burke, 66 Pa. 336; Linden Steel Co. v. Refining Co., 138 Pa. 10. That question was passed upon by the court below, in connection with the motion to strike off the lien: Wethered v. Garrett, 7 Pa. C. C. R. 533. As no error has been assigned to the refusal to strike off, the appellants must be considered as having waived all objections to mere matters of form. As to the sufficiency of the description of the buildings, however, see Knabb's App., 10 Pa. 186; Kennedy v. House, 41 Pa. 39; Thomas v. Smith, 42 Pa. 72; McClintock v. Rush, 63 Pa. 203; Killingsworth v. Allen, 1 Phila. 220; Richards v. Glockner, 3 Penny. 90; Williams's App., 5 W. N. 24.

2. The mere furnishing of material for the erection of a particular building is prima facie upon the credit of such building, if it entered into the construction: Hommel v. Lewis, 104 Pa. 465; Wolf v. Batchelder, 56 Pa. 87; Noar v. Gill, 111 Pa. 492; Poole v. Railway. Co., 1 Mona. 170. On the questions of

separate liens and apportionment, see act of March 30, 1831, P. L. 243; Lauman's App., 8 Pa. 473; Parrish's App., 83 Pa. 111; Hershey v. Gohn, 1 Penny. 40; Basch v. Sener, 1 Penny. 22; Gaule v. Bilyeau, 25 Pa. 521; Nelson v. Campbell, 28 Pa. 156; Rush v. Able, 90 Pa. 153. The right to file a lien for the materials in question in this case, is absolutely settled: Parrish's App., 83 Pa. 111; Dimmick v. Cook, 115 Pa. 573; Gardner v. Gibson, 21 W. N. 121; Hofer's App., 116 Pa. 360.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was a scire facias upon a mechanics' lien. The owner makes no defence. The contractors, who are also sued as defendants, defend upon the single ground that the claim does not sufficiently describe the buildings. The curtilage is defined by metes and bounds, evidently taken from the defendant Garrett's deed, and the buildings are described as "all those four certain buildings known as the palm house, two greenhouses, and pit, or lot," etc. The primary object of the description of the buildings is identification. Upon this point there was the testimony of a surveyor, who visited the premises, and said that, owing to the peculiarity of the buildings, the location, etc., there would be no difficulty of identifying them from merely reading the claim.

We do not feel called upon to pass upon the question of the sufficiency of the description, for the reason that it is satisfactory to the owner. He makes no defence upon this ground or any other. He is satisfied with the description, and with the justness of the claim. It is the contractors who set up this defence, and we are unable to see their standing to make it. They would have the right to allege that the materials were never furnished for the buildings, or that the charge was excessive, or that the materials had been paid for. But we are unable to see how, in a proceeding in rem,—against the buildings,—they can be heard to allege that the buildings are not properly described, and that the money, which is admittedly due for materials which were placed in the buildings, shall not be a lien against the property in the hands of the owner. That is a matter with which they have no concern. It affects the owner only, and, if he is satisfied, no one else has the right to complain. The case is unique. I know of nothing like it in our

books, and we would probably never have heard of this case but for the fact that the contractors have failed, and made an assignment for the benefit of their creditors. If they can defeat this claim the money which is justly due the plaintiffs may possibly be diverted into another channel.

Judgment affirmed.

On March 2, 1891, the appellants, Wynn & Henwood, filed a motion for a re-argument calling attention to questions raised by the assignments of error but not considered in the opinion. On March 9th, the motion was refused.