## Young v. Porter-Leach Hardware Co., Inc., et al.

Jan. 17, 1941.

626

W. H. Barnes, E. S. Howard and C. E. Smith for appellant.

Kirk & Bartlett for Porter Leach Hardware Co.

Otto C. Martin for G. W. and Minnie Wallace.

F. P. Bell for Ohio Co. Federal Savings, etc.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee, Porter-Leach Hardware Company, whom we will refer to as the Company, instituted this action to enforce a materialman's lien on a home constructed for G. W. Wallace by C. N. Baird. By an amended petition the Company made Baird a defendant and alleged both Wallace and Baird were insolvent and sued out a general order of attachment against Baird which was levied upon his interest in three tracts of land located in Ohio County. The appellant, D. G. Young, filed an intervening petition alleging his lien for materials furnished on the job amounted to $2,978.86, upon which he had been paid $2,481.49, leaving a balance due him of $497.37, which sum he alleged the owner, Wallace, held in his hands and had not turned over to the contractor, Baird. Young sought to enforce a lien for this $497.37 against Wallace's home.

In answer to the Company's petition, Wallace pleaded it had sold the merchandise to Baird and that it never gave Wallace the 35 day notice required by Section 2463, Kentucky Statutes, hence it never perfected its lien. By a stipulation Wallace admitted he had 497.37 going to Baird, which he tendered into court to be applied as the court might direct on the liens against his property. Although bound by this stipulation, Lindsey v. Home Insurance Co., 244 Ky. 580, 51 S. W. (2d) 924, as a matter of fact Wallace did not owe Baird this sum, but merely advanced the $497.37 for Baird and he took a mortgage on Baird's interest in the three tracts of land to indemnify himself.

The answer of Wallace to the intervening petition of Young pleaded that the materialman's lien filed by Young was for $2,017.74 and that Young had received payment of $2,481.49 and his lien was fully satisfied and released of record. He further pleaded that the contract price for constructing the house was $3,325, and that the liens for materials and labor against the same amounted to $4,005.16; that under Section 2463, Kentucky Statutes, Young could only recover on his lien the pro rata part the construction price of the house bore to the amount of the material and labor liens asserted against it.

The chancellor adjudged Young's lien had been satisfied and dismissed his intervening petition. He further adjudged the Company a lien against Wallace's home, and that by virtue of its attachment the Company had a lien on Baird's interest in the three tracts of land mortgaged to Wallace and that the Company be subrogated to the right of Wallace in these three tracts. Wallace appears to be satisfied with the judgment and Young alone prosecutes this appeal.

Young contends that as the pleading of the Company alleged it sold the merchandise to Wallace, while the proof shows same was sold to Baird, and as the Company did not give Wallace the 35 day notice required by Section 2463 when the contract is not made direct with the owner, the court erred in adjudging the Company a lien. Conceding that the court did err in adjudging the Company a lien on Wallace's home, Young is in no position to complain. Young filed his affidavit in the county court clerk's office August 20, 1936, asserting a materialman's lien for $2,017.74 and not for $2,978.86, the full amount of the materials he furnished. On October 10, 1936, he executed this release on the margin of the book in the county court clerk's office where his lien was recorded: "$2400.96 having been paid, this lien to this extent is released." Young testified he did not intend to release his entire lien, as $497.37 of it remained unpaid. However, the proof shows the lien for labor and materials against this house (omitting the lien asserted by the Company) aggregated $4,500; that the contract price of the house with the extras added amounted to $3418; therefore under the provisions of Section 2463 Young's lien did not extend to the full contract price of $2,978.86 at which the

materials were furnished, but to between 75 and 76 per cent thereof, which would be less than $2,250. Each person who performed or furnished materials going into the house had a lien on it, and the fact that they were paid before perfecting their liens of record did not entitle Young to receive on his lien more than his pro rata share of the contract price. Canady, Gillum & Key v. Webb, 80 S. W. 172, 25 Ky. Law Rep. 2107; Schnute Holtman & Co. v. Sweeney, 136 Ky. 773, 125 S. W. 180. When Young received $2,481.47, which the proof shows he collected on his lien, it was more than his pro rata part and his lien was fully satisfied; therefore it was immaterial that he did not intend to release his entire lien when he executed the release on October 10, 1936.

Wallace, the owner of the property, is satisfied with the judgment and is not appealing. Since Young's lien had been fully satisfied and released before he intervened in this action, he has no interest in the property affected, hence he is in no position to complain of the judgment wherein the Company was adjudged a lien on Wallace's home, 40 C. J. 395, Section 541; Wethered v. Garrett, 140 Pa. 224, 21 A. 319; Clark v. Brown, 22 Mo. 140.

The judgment is affirmed.