## Scott v. Larkin

*Waldo P. Breeden,* for claimant.
*Stanton C. Fogie,* for defendant.

WEISS, J., November 1, 1951.—Plaintiff filed his mechanic's lien at the above term and number on December 6, 1943.

The sci. fa. sur mechanic's lien was issued on July 3, 1945, and served on defendants. Defendants filed answers. In the interim Ruth Larkin conveyed her interest by general warranty deed on August 23, 1943. Plaintiff and claimant now question her interest in this proceeding.

No verdict has been secured or judgment entered since the issuance of the sci. fa.

Defendants filed a petition, and a rule was granted on plaintiff to show cause why the mechanic's lien filed at January term, 1944, no. 54, and the sci. fa. issued thereon should not be stricken off.

This matter was placed upon the argument list and now comes for disposition before this court en banc.

## Issues Involved

1. Does Ruth Larkin, former owner of the premises, have sufficient interest in the proceedings to permit her intervention?

2. Has the statutory period of five years elapsed without plaintiff recovering a verdict or judgment on sci. fa. sur mechanic's lien?

## Argument

Counsel for plaintiff argued against Ruth Larkin's right to intervene in this proceeding, stating that title to the premises passed from Ruth A. Larkin soon after the liens were filed in 1943, and having no present interest, she is disqualified from interfering with the continuance of the litigation or the enforcement of the liens.

With this contention we cannot subscribe.

In the case of Wethered et al. v. Garrett, Jr., et al., 140 Pa. 224, 232, Mr. C. J. Paxston said:

". . . It is the contractors who set up this defense (to a *sci. fa.* sur mechanic's lien). . . . But we are unable to see how, in a proceeding in *rem*, against the buildings, they can be heard to allege that the buildings are not properly described, . . . That is a matter with which they have no concern. It affects the owner only, and, . . . no one else has the right to complain."

Also, in the case of Young v. Hardware Co., 285 Ky. 625, the court held that a material man whose lien had been fully satisfied had no right to intervene.

The Kentucky court cited Wethered v. Garrett, 140 Pa. 224, and Clark v. Brown, 22 Mo. 140.

It appears to this court that the above-quoted cases are readily and easily distinguishable. The Pennsylvania case of Wethered v. Garrett held that a contractor had not a sufficient interest in the proceedings to complain, the reason being given that the proceedings were in rem. In other words, the Pennsylvania court seemed to say in effect that in order to intervene in a sci. fa. sur mechanic's lien proceeding the intervener must have an interest in the res itself. In the instant case, Ruth Larkin had a sufficient interest in the res, the liened premises, insofar as she conveyed the premises by warranty deed dated August 25, 1943, D. B. 2770, p. 45, and has subjected herself to liability for breach of warranty. Should execution be had on the sci. fa. sur mechanic's lien then Ruth Larkin would be liable over to the owner of the liened premises.

The case of Wethered v. Garrett is a comparatively old case and an examination of the record indicates that claimant relies mainly upon this and a Kentucky case to support his contention that defendant has no right to intervene in the proceedings.

The Kentucky case of Young v. Hardware Co., 285 Ky. 625, in no way or fashion is applicable in the instant case and it should be confined to its facts. The

Kentucky court held that a materialman whose lien was satisfied had no right to intervene.

We are of the opinion that this is a correct statement of the law, *but in the instant case Ruth Larkin is not a materialman whose lien has been satisfied. She is a former owner who has a direct pecuniary and financial interest in the outcome of the suit.*

In neither Wethered v. Garrett, 140 Pa. 232, nor Young v. Hardware Co., 285 Ky. 625, did the would-be intervenor have a sufficient financial interest in the liened premises to justify his intervention, that is not so in the instant case and for this reason the case of Wethered v. Garrett, supra, and Young v. Hardware Co., supra, should be confined to their own peculiar facts. Since the cases cited by claimants are inapplicable, and also since there are no other cases in point, this court will in the exercise of its sound judicial discretion be guided somewhat by the equities of the case, i.e., defendants' direct financial interest in the outcome of the case and this court will not, in the interest of justice, preclude her from intervening.

Regarding the second issue of law involved, the Pennsylvania law is *clear and unequivocal on this point.* Section 10 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, provides:

". . . A verdict must be recovered or judgment entered on the *sci. fa.* within five (5) years after it is issued. . . . If a claim be not filed within the time aforesaid, . . . it shall be wholly lost."

In the instant case sci. fa. sur mechanic's lien was issued on July 3, 1945. On May 1, 1951, defendant obtained a rule to strike off the lien for failure to recover a verdict or judgment within five years from the issuance of the sci. fa. That five years has more than elapsed is a matter of simple mathematical computation. However, claimant (plaintiff) contends in his

brief that the statutory period was, or should be tolled by reason of his military service, as provided for under the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, as amended October 6, 1942, 56 Stat. at L. 770, and that claimant (plaintiff) has until 1953 to prosecute his claim. Claimant (plaintiff) has given a correct statement of the law in regards to the Soldiers' and Sailors' Relief Act but there is not a scintilla of testimony in this record attempting to establish plaintiff's military service. No affidavits of military service were filed. No allegations were made as to the date of entry and discharge or branch of service involved. The military service was not pleaded prior to the petition to strike off and was only pleaded, and very evasively at that, in plaintiff's brief. Plaintiff is guilty of laches in failing to prosecute his claim sooner and further in failing to plead his military service properly and promptly and in accordance with the provisions of the Soldiers' and Sailors' Civil Relief Act.

In the instant case plaintiff has tied up the property in question from December 6, 1943, to date, almost eight years. The amount involved compared with the valuation of the property is trivial. Why plaintiff has waited so long to proceed on this claim is unknown to this court, and for us to permit the continuation of the lien until 1953 as contended would be to defeat the very intent and purpose of the Mechanic's Lien Law. The Mechanic's Lien Act was intended to give an unpaid contractor *a lien for five years, not ten,* and to permit the extension of this lien would be to defeat the legislative intent in enacting the law and it would also work a grave injustice on defendants in this proceeding.

Plaintiff's contentions and answers to the rule to strike off the lien are founded neither in law nor equity and therefore, the rule should be made absolute.