CASE 17—ACTION OF COVENANT—JUNE 14.

# Moreland v. Union Central Life Insurance Co.

APPEAL FROM SCOTT CIRCUIT COURT.

INSURANCE—WAIVER OF FORFEITURE.—A provision in an insurance policy that the non-payment of a premium note at maturity "shall void and nullify this policy without action on the part of the company, or notice to the insured or beneficiary," is waived by the insurer's retention of the note and by attempting to collect it after maturity. (Judge Burnam dissenting.)

JAMES F. ASKEW AND OWENS & FINNELL FOR APPELLANT.

1. The provision in the policy that non-payment of the premium note at maturity should void the policy could be waived by the company; and it was waived by its insisting on the payment of the note after the forfeiture accrued. McAllister, Admx., v. New England Mutual Life Ins. Co., 101 Mass., 558; s. c., 3 Am. Reps., 405; Farnum v. Phoenix Ins. Co., 83 Cal., 246; s. c., 17 Am. St. Rep., 238; Union Central Life Ins. Co. v. Taggart, 55 Minn., 95; s. c., 43 Am. St. Rep., 474; 21 Am. St. Rep., 205; May on Insurance, sec. 4; Southern Life Ins. Co. v. Booker, 9 Heisk., 606; s. c., 24 Am. Rep., 352; Phillips on Insurance, sec. 514; Montgomery v. Phoenix Mutual Life Ins. Co., 14 Bush, 71; Story on Contracts, 5th ed., sec. 337; Chitty on Contracts, 1092; Munn v. Kelley, 5 Mon., 272; Paige v. Hughes, 2 B. M., 439; Magoffin v. Holt, 1 Duv., 95; Ripley v. Aetna Ins. Co., 29 Barb., 557; Ga. Mutual Life Ins. Co. v. Gibson, 52 Ga., 640; Mutual Life Ins. Co. v. French, 30 O. St., 240; s. c., 27 Am. Rep., 448; Illinois Central Ins. Co. v. Wolfe, 37 Ill., 354; Prov. Life Ins. Co. v. Fennell, 42 Ill., 180; Joliffe v. Madison Ins. Co., 39 Wis., 119; 20 Am. Rep., 35; Teutonic Life Ins. Co. v. Anderson, 77 Ill., 384; Murray v. Home Ben. Life Ins. Co., 90 Cal., 402; 25 Am. St. Rep., 133; Ins. Co. v. Morton, 96 U. S., 234; Phenix Ins. Co. v. Tomlinson, 125 Ind., 84; 21 Am. St. Rep., 203; Webster v. Phoenix Ins. Co., 36 Wis., 67; s. c., 17 Am. St. Rep., 480; Queen Ins. Co. v. Young, 86 Ala., 424; 11 Am. St. Rep., 51; 46 Am. St. Rep., 800; 117 Ind., 97;

[9]

81 Ind., 300; 68 Ind., 347; 42 Ind., 588; 96 U. S., 572; 47 Am. Rep., 220; 69 Wis., 224; 100 Am. Dec., 621; 81 N. Y., 410; 53 Wis., 585; 43 Wis., 108; 28 Am. Rep., 535; 132 Ind., 360; 39 Mich., 51; 34 Neb., 502; 65 Ia., 454; 20 Barb., 468; 25 Barb., 189.

ROBERT RAMSEY FOR APPELLEE.

1. The waiver is not well pleaded. Hoksey v. Home Ins. Co., 32 Conn., 40; Damson v. Shillock, 29 Minn., 191; Warren v. Crane, 50 Mich., 301; Bennecke v. Ins. Co., 105 U. S., 359; Avery v. Daugherty, 102 Ind., 443; Kent v. Deposit Bank, 91 Ky., 70; Bogenschutz v. Smith, 84 Ky., 330; Belknap v. Clark, 10 Ky. Law Rep., 872; Pottenger v. McClure, 6 Ky. Law Rep., 597; Lewis v. Ins. Co., 44 Conn., 72.

2. The pleadings do not disclose a state of fact sufficient *per se*, to constitute a waiver. Cook on Life Insurance, 181; May on Insurance, vol. 2, sec. 342, A, 3d ed.; Lantz v. Vt. Ins. Co., 139 Penn. St., 546; Rochner v. Knickerbocker Ins. Co., 63 N. Y., 160; Pendleton v. Ins. Co., 5 Fed., 238; Bosworth v. Mutual Society, 75 Ia., 582; Grigsby v. Ins. Co., 10 Bush, 310; Montgomery v. Ins. Co., 14 Bush, 51; Hexter v. Ins. Co., 91 Ky., 360; Bane v. Ins. Co., 85 Ky., 685; Richardson v. Mutual Ins. Co., 14 Ky. Law Rep., 187; Cohen v. Ins. Co., 67 Texas, 325; Baker v. Ins. Co., 43 N. Y., 283; Pitt v. Berkshire Life Ins. Co., 100 Mass., 500; Edge v. Duke, 18 L. J. Ch., 183; Want v. Blunt, 12 East, 183; Smith v. Ins. Co., 3 Hill, 508; Bane v. Ins. Co., 85 Ky., 677; Deppen v. Ins. Co., 8 Ky. Law Rep., 57; McMillan v. Ins. Co., 24 Ohio St., 67.

3. There is no element of estoppel in the case. Dale v. Ins. Co., 95 Tenn., 38 and cases cited; Union Central Life Ins. Co. v. Duvall, 16 Ky. Law Rep., 398; 2 May on Insurance, sec, 359; Baker v. Ins. Co., 43 N. Y., 283; Miller v. Mulvey, 7 Ky. Law Rep., 45.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On the 26th of October, 1894, the appellee company issued and delivered to Louis H. Moreland a policy of insurance on his life; and at the same time, by its general agent, executed to the assured the following receipt: "Premium, $35.83. Union Central Life Insurance Co., Cincinnati, Ohio. Received $35.83, being the first premium on policy No. 122,599, issued upon the life of Louis H.

Moreland v. Union Central Life Ins. Co.

Moreland, continuing said policy in force to the 30th day of October, 1895, at noon. This receipt is subject to the conditions of any and all the notes which have been given or may be given for the amount of said premium, or any part thereof. This receipt is not valid unless paid, also countersigned and dated the day of payment by C. C. Early, agent. Paid at Louisville, Ky., by note this 26th day of October, 1894. [Signed] C. C. Early, agent." The note given to the company is as follows: "Interest at 6 per cent. Gt. Crossings, Sep. 26, 1894. Four months after date, I promise to pay to the order of C. C. Early State agent Union Central Life Insurance Company, thirty-five and eighty-three (83-100) dollars, without .discount or defalcation, value received, negotiable and payable at Louisville Banking Company, Louisville, with interest at 6 per cent. per annum. For premium on policy in said company. [Signed] L. H. Moreland." The particular clause of the policy with which we are here concerned reads as follows: "The failure to pay, if living, any of the first three annual premiums or notes or interest upon notes given to the company for any of said premiums, on or before the days on which they become due, shall void and nullify this policy, without action on the part of the company or notice to the insured or beneficiary; and the payments made upon this policy shall be deemed earned as premiums during its currency." On the 25th of July, 1895, Louis H. Moreland died, and his wife, the appellant, who is the beneficiary in the policy, instituted this action for the amount of the policy, $1,000, less $35.83, the amount alleged to have been owing the company by the insured at the time of his death. The company, as a defense, pleaded the non-payment of the note as a bar to recovery, relying on the condition of the policy con-

tained in the clause quoted above as to forfeiture. The
appellant filed a reply, to which a demurrer was sus-
tained, and the petition finally dismissed. The sufficiency
of the reply is the sole question presented. The sub-
stance of this pleading is that after maturity of the note
on January 29, 1895, the company, in March, 1895, being
then in possession of the note, and holding it as its
property, demanded the payment thereof of the assured;
and, on his indicating his inability to then pay the note,
it was then sent by the company to its attorneys, at
Georgetown, Ky., for suit, if it could be collected upon
judgment against the maker, the defendant thereby treat-
ing the note after its maturity as a binding and sub-
sisting obligation of the assured to pay same; that there-
upon the attorneys notified the assured at his home, some
miles distant, that the note was in their hands for collec-
tion by suit; that the assured left his home at some
trouble and expense, to attend the notice and see about
payment of the note, and to prevent suit thereon; that
there was then no demand on the assured for a surrender
of the policy, and no offer to surrender the note to More-
land, but payment of same in full was urged upon him
months after its maturity; that, after the death of More-
land, the note was ordered to be sent back to the com-
pany, and it still holds same; that, Moreland, in his life-
time, offered to surrender the policy to the company if
it would surrender the note to him, and the offer was
not accepted by the company; that by reason of these
facts, the non-payment of the note was waived, and not
relied on by the company to avoid the policy, and the com-
pany is estopped to rely on such non-payment as a de-
fense; that the receipt delivered to the assured acknowl-
edged payment of premium, and undertook to keep the

policy alive to the 30th of December, 1895, subject alone to the conditions of the note; and that there were no conditions in the note.

The most important fact disclosed by these averments, it seems to us, is that after maturity of the note, and when, by terms of the contract, the policy stood forfeited without action on part of the company, the company, nevertheless, retained the note, and by its attorney urged its payment in full by the assured. And the question is, can the company insist on payment of the note, and at the same time consistently say that the policy having been forfeited by its non-payment, remains forfeited? Or will not the real intention of the parties be effected by holding that, although the policy was forfeited by this non-payment, yet, as the retention of the note and demand for its payment after maturity are acts inconsistent with an intention to insist on a continued forfeiture, therefore the forfeiture is to be deemed waived? It has been said often that these provisions for forfeiture are inserted for the benefit of the insurer, and may be waived by the company. This principle is conceded in this case, but its application is denied. It is insisted for the company that a mere demand for payment of the note does not evidence an intention to waive the terms of the policy. We are not told, however, on what principle the company might insist, on the one hand, on the insured complying with his part of the contract, and, on the other, insist that the contract is a dead one. We can see how, without a waiver of the forfeiture being manifested, the note might not be returned to the assured through oversight or negligence, or even be retained for the purpose of allowing the assured to reinstate the policy by its payment; but a demand of payment, unaccompanied by an

explanation showing a different intent, is evidence in itself of an intention to waive the forfeiture. It seems to us that to send the note to its attorneys for collection, and to demand its payment, are evidence of an intention to waive the right to insist on a forfeiture. If the company, under these circumstances, demands payment, it can only be because from its standpoint the assured owes the note; and, if he does owe it, the reason must be because the policy is still alive. The plain import of the company's conduct, so far as disclosed by the pleadings, is that, not desiring to insist on the forfeiture provided for in the contract, it had decided to waive that right and insist on the collection of the note as it had the right to do. If it be said that the company had the right to retain the note, and demand at least a pro rata part of the premium, because it had carried the life of the insured for some four months, it is sufficient answer to say that no such demand was made, but a demand for payment of the note in full. A demand for part payment would have been entirely consistent with the contention that the policy was forfeited. The demand set up in the reply can not be construed into a merely "unsuccessful attempt on the part of the company to persuade Moreland to reinstate his insurance by paying his overdue note," as is plausibly contended by learned counsel. The pleading fairly construed means that the payment of the note in full was demanded as of right, and retention of same was not merely to afford an opportunity for payment and rehabilitation of a dead policy. If the note was in fact presented to the insured for the mere purpose of giving him an opportunity to reinstate his policy, then its retention and presentation are not inconsistent with the contention that

the policy was a dead one. The cases cited by counsel for the company seem to hold merely that the demand of payment of an overdue premium without its payment is not sufficient to reinstate a policy which is forfeited. And this we do not deny. The payment of the premium at the stipulated time is a condition precedent to the continued life of the policy, and, when the insured does not pay it, he can not be made to do so. Had Moreland lived until the end of the year, and then failed to pay the second annual premium, the life of the policy would have terminated. He could not have been compelled to pay the premium, and continue the insurance. A demand to that effect by the company would have effected nothing.

In 2 Joyce, Ins. sec. 1372, it is said: "A forfeiture for non-payment of premium note is inconsistent with a subsequent demand for its payment, and a notice that, if not paid suit will be instituted therefor." And the same author (section 1379) says: "As a general rule, if the company has treated the policy as valid, and has sought to enforce payment of the premium, or has otherwise, with knowledge, recognized, by its acts or declarations or those of its agents the policy as still subsisting, it waives thereby prior forfeitures." The case of Montgomery v. Phoenix Ins. Co., 14 Bush, 71, is also instructive on the questions involved. In the case of Home Insurance Co. v. Karn (Ky.; March 10, 1897); 19 Ky. Law Rep., 273 [39 S. W. 501], a case relied on by appellee, a waiver of the forfeiture was held not to be effected by reason of demand for overdue premium; but it was because the company accompanied the demand with a distinct statement that the note was collectible in spite of forfeiture clause in policy, and the forfeiture was distinctly insisted on, the agent declaring to the insured that, under the partic-

Moreland v. Union Central Life Ins. Co.

ular terms of his policy, he owed the note, although the policy was a dead one. The court below held that the clause of the policy by which all payments made on it were to be deemed earned as premiums during its currency gave the company the right to demand and collect the note; that the note was a payment, and was therefore earned as a premium, and belonged to the company. The obvious difficulty of his construction is conceded by the learned counsel for the company, who admits that the note can not be treated as a payment for the purposes of its collection after default, and at the same time be treated as not a payment for the purposes of a forfeiture. If we say the execution of the note was a payment of the premium, insurance for one year was thereby secured. But it was not in fact a payment, and its execution only secured a year's insurance on condition it was paid at maturity. Its non-payment effected a forfeiture, and the company was then called on to do nothing save to act consistently. It might have returned the note in a reasonable time to the insured; or it might have destroyed it, and demanded a surrender of the policy. It would not have been inconsistent to have demanded a pro rata payment of the note for the time the insurance ran and the policy was alive. The demurrer to the reply ought to have been overruled, and the cause is remanded and judgment reversed for further proceedings consistent with this opinion.

Judge Burnam dissenting.