CASE 85.—ACTION BY JOHN T. WOOD AGAINST THE HOME INSURANCE CO. ON A FIRE INSURANCE POLICY. —February 19, 1903.

## Home Ins. Co. v. Wood.

Appealed from Warren Circuit Court.

From the judgment the Insurance Co. appeals.— Reversed.

Insurance—Waiver of Payment of Premium—Instructions.—In this action to recover the amount of loss on a policy of fire insurance issued by appellant, it was pleaded in defense that appellant was not liable for the loss on account of the failure of appellee to pay the premium when due, as agreed, In reply appellee pleads a waiver by the agent of the prompt payment and a waiver of the forfeiture of the policy.  Held, that appellee's proof failed to show a waiver of prompt payment, and the court should have given a peremptory instruction to find for defendant.  Appellee can not avail himself of the defense of sickness as preventing prompt payment of the premium.  It is a well-settled rule of law that where the law itself creates a duty the non-performance of it will be excused by an unavoidable accident previous to its performance.  But this principle has no application to a case where a person has created a charge or obligation upon

vol. 139—42

himself by an express contract. In the latter case he will not be permitted to excuse himself therefrom by pleading an act of God rendering performance impossible.

SIMS & GRIDER and GUY H. HERDMAN for appellant.

McQUOWN & BRADBURN for appellee.

OPINION OF THE COURT BY JUDGE BURNAM—Reversing.

The appellant issued to appellee a policy insuring his barn and contents for five years from the 7th of December, 1895, which contained the following stipulation:

"It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid. Or. while any single payment of the premium remains past due and unpaid."

In consideration of the policy appellee paid to the agent of the appellant seven dollars in cash and executed the following obligation:

"For value received in policy, dated on the 9th day of December, 1895, issued by the Home Ins. Co., of New York, I promise to pay said Company or order by mail, if requested at the office of its Western Farm Department in Chicago, Ill., $28.00, in installments as follows: $7.00 upon the 1st of December, 1896; $7.00 on the 1st of December, 1897; $7.00 on the 1st of December, 1898; $7.00 on the 1st of December, 1899, without interest. It is hereby agreed that in case any one of the installments herein named shall not be paid at maturity * * * * this company shall not be liable for loss during such default, and the said pol-

icy shall lapse until payment is made to this company at the Western Farm Department at Chicago.''

The installment due the 1st of December, 1899, was not paid at maturity and the insured barn with its contents were burned upon the 22nd day of December, 1899, whilst the installment premium remained unpaid. The company having declined to pay the appellee brought this suit to coerce payment. Appellant plead and relied on the foregoing provisions of the policy and note to avoid liability. Appellee in his reply seeks to escape the forfeiture provided for in the policy and note, for default in the payment, upon two grounds.

First. Because this provision, he alleges was waived by the defendant through its agent, Dearing, before the last installment of the premium became due.

Second. He alleges that about the last of November, 1899, he was taken violently ill and was unable to attend to any of his business matters; and that whilst in this condition his barn and other property, insured by the defendant was burned up.

The defendant in its rejoinder denies the alleged promise or agreement made with Dearing, and alleges that on the 15th day of November, they mailed to appellee the following notice:

"Chicago, Ill., November 15, 1899.

"John T. Wood:—Your fifth installment of premium for insurance in the Home Ins. Co. of New York, seven dollars, falls due on the first day of next month. Please remit immediately the above named sums by draft on Chicago or New York; or by Post Office Order, or Express Money Office Order, payable to the Home Ins. Co. of New York. * * * * We en-

close herewith an addressed envelope, in which please return this sheet with the amount designated.

"Respectfully yours,

"H. H. WALKER, Secretary.

"P. S. Do not fail to fill and sign the following blank attached below, and return this whole sheet with remittance in the return envelope. Write your name plainly, also the name of Post Office at which you now receive your mail so that we may change our records if your name or address is not recorded correctly."

Plaintiff testified upon the trial that three or four months before the installment became due he had an interview with John Dearing, the agent of the Company, who called upon him to pay an overdue premium upon a policy of insurance upon his dwelling house, which he paid; and that at this time he asked Dearing if he had the note for the last premium on his barn which fell due on the first day of the following December, that Dearing answered no, that he then said to Dearing: "If you will get that note and send it to the bank, I will pay. I had rather pay it now." That in response Dearing said that it was all right that he would bring it down some time when he came on other business. Plaintiff admitted upon cross-examination, that Dearing told, at that time, that it was not the rule of the company to send the note, and the way for him to do was to send the money and the company would forward the notes; that in response to this he said it was not his rule and was not customary throughout the county, that when his note was paid he wanted it and would require it, but that he never sent it to the bank. Dearing denied the whole of this conversation.

This conversation is not as definite and specific as might be, but even if we concede that it amounted to a waiver of the express stipulation of the note that the installment was to be paid direct to the company at their home office in Chicago, it was based upon a mere voluntary agreement without consideration, which the company had the power to withdraw upon notice. And we are of the opinion that the notice of November 15, 1899, which appellee admits he received, amounted to a revocation of the alleged waiver made by Dearing.

Nor can appellee avail himself of the defense of sickness relied on in the second paragraph of his reply.

It is a well settled rule of law that where the law itself creates a duty, the non-performance of it will be excused by an unavoidable accident previous to its performance. But this principle has no application to a case where a person has created a charge or obligation upon himself by an express contract. In the latter case he will not be permitted to excuse himself therefrom by pleading an act of God, rendering performance impossible. See A. & E. En. of Law, 2d. Ed. V. 1 page 588, and authorities there cited. This doctrine has also been repeatedly announced by this Court. See Beaty and Skinner v. Scrivner, 19 Ky. 139; Bohannon v. Lewis 19 Ky. 380; Singleton v. Carroll, 29 Ky. 527; Hilburn v. Mofford 70 Ky. 174. We are therefore of the opinion that the Court erred in failing to direct the jury to return a verdict for the defendant upon their motion at the close of plaintiff's testimony.

For reasons indicated judgment is reversed and cause remanded for proceedings consistent with this opinion.