## Ray v. Commonwealth Life Insurance Company.

(Decided May 9, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 3).

1. Insurance—Note for Premium—Payment.—A provision in a life insurance policy that if any premium or note given therefor be

not paid the policy to be null and void held waived by the company's retention of a note given for the premium and efforts on its part to collect the said note.

2.  Insurance—Cancellation of Policy—Waiver.—Insurer had the right under its policy to cancel the policy for non-payment of note given for a premium, but having waived its right of forfeiture, through its efforts to collect the note, the policy was effective for the first year, and the further provision granting a period of thirty days' grace in the payment of premiums extended the due date of the second premium for that length of time, and insured having died before the expiration of said thirty days' period plaintiff was entitled to recover.

3.  Insurance—Notice of Date of Premium.—Sending of a notice by the insurer of the due date of a second premium stating that unless the premium was paid on said date, or within the period of grace the policy would be forfeited and void, was an acknowledgment by the insurer that the policy had not been cancelled prior to that time.

4.  Insurance—Forfeiture.—The insurer must stand on the forfeiture if it wishes to have the benefit of it; it cannot claim the forfeiture and insist on the payment of the premium or note, such claims being inconsistent with the claim that the policy is forfeited.

EDWARDS. OGDEN & PEAK and TURNER & TURNER for appellant.

BURNETT, BATSON & CARY for appellee.


OPINION OF THE COURT BY JUDGE QUIN—Reversing.

On May 15, 1915, the appellee issued to Cleveland Yandell Ray its policy in the sum of $2,000.00, in which his wife, Susie Viola Ray, was named as beneficiary. The policy covered a term of five years, the annual premium being $21.64. It is stated in the policy that the first premium was paid. As a matter of fact the company accepted from the insured his note dated June 10, 1915, payable July 15, 1915, in the sum of $21.64, in payment of this premium. With the exception of $5.00 paid November 3, 1915, no part of this note was paid, nor was any part of the second annual premium due May 15, 1916, paid.

Proof of death was duly made, and the company having declined to pay this suit was instituted by appellant.

The policy provided that: "If any premium or note given therefor be not paid when due this policy shall be null and void," and it was alleged by the company that because of the nonpayment of said note it notified the

insured on or about November 27, 1915, the policy had been cancelled. This was denied by appellant.

In an amended reply appellant sets forth the substance of the following provision in the policy:

"In case of default in the payment of any premium when due, this policy will be continued in force for the full amount for one month, subject to a charge for interest at the rate of five per cent per annum, and payment of premium may be made during that time without evidence of insurability."

It is alleged that insured died within the thirty days' grace so allowed; that the company retained the note and claimed the ownership and right to collect it; never surrendered or offered to surrender same; on the contrary the company endeavored to collect this note.

In a rejoinder it is alleged that after the insured had been notified of the nonpayment of the first premium and the consequent lapse of the policy, he requested the company to grant him an additional four or five weeks' time within which to reinstate the policy and the company consented to so reinstate the policy if the insured would pay the note at the rate of $5.00 per week, but that he only made the first payment thereunder, and failing to pay more the policy lapsed and the insured acquiesced and agreed that this might be done. The affirmative matter in this rejoinder was controverted of record.

Under a peremptory instruction a verdict was returned in favor of appellee. In directing the jury to return a verdict for the defendant the court said the company had waived the forfeiture provision as to the nonpayment of the premium note because of the retention of the note and the effort to collect it, and had the insured died within the year the company would have been liable, but the waiver did not extend beyond the first year. The ruling of the lower court on the first point was correct, since the company's actions clearly indicated its election to waive the forfeiture; however, in directing a verdict for the defendant the court overlooked the further provision of the thirty days' grace accorded the insured in the payment of any premium. If the note covered the first year's premium, as it did, and the company had waived its right of forfeiture the insured had thirty days within which to pay the second premium, which fell due May 15, 1916, and if the company had not cancelled the policy at the time the insured died June 1, 1916, the

policy was on that date in full force and effect. If it had so elected, the company could have cancelled the policy, when the note was not paid.

It would seem that the company treated the policy as valid and subsisting, because on May 22, 1916, it mailed to the insured a notice of the due date of his second premium on the policy in question, the date in the notice being May 15, 1916, though not mailed, as above stated, until the 22nd. In this notice it is stated: ''If any grace for the payment of premium is provided for in the policy the premium will be accepted, provided the amount thereof be tendered within the grace period,'' and the further provision that: ''Unless the premium then due shall be paid to the company, or to the collecting agent, or by or before the day it falls due, the policy and all payments thereon *will become forfeited and void,* subject to the nonforfeiture provisions, if any, in said policy.'' Postmarked on the same day and hour as the preceding notice the company sent the insured what is termed ''a final notice,'' calling attention to the fact that the premium due May 15, 1916, remained unpaid, and this notice contained this significant statement: ''That it is to your interest to immediately notify the company of any attempt made by any other agent to induce you to lapse this policy, so that we can explain to you fully its terms and conditions and refute any false or erroneous statements that may have been made to you. The 'Twister' cares nothing for your interest, but is simply trying to benefit himself at your expense.''

Not only does the endeavor to collect the note after the company might have lapsed the policy indicate a waiver of its right, but the sending of the notice of the second premium, must be taken as an acknowledgment by the insurer that it considered the policy still in force. If the policy lapsed November 27, 1915, as alleged in the answer, why would the company be sending notices in May, 1916, of the second premium, calling attention to the fact that unless said premium was paid the policy would become forfeited and void? The mailing of the two notices on May 22, 1916, was a flat contradiction of the claim that the policy had been cancelled. There could be no accruing premium on a lapsed policy. There is no claim that the notices were sent by mistake, and had the insured tendered this second premium there is nothing in the evidence to indicate it would not have been accept-

ed, and he had thirty days after May 15, 1916, within which to make the tender.

We have written in a number of cases that the insurer must stand on the forfeiture if it wishes to have the benefit of it. It cannot claim the forfeiture and insist on the payment of it. It cannot claim the forfeiture and insist on the payment of the note. The assertion of a claim of the note is inconsistent with the claim that the policy is forfeited; if forfeited there is nothing to be paid on it. If the company elects to treat the policy as a subsisting obligation it cannot, when subsequent events make it to its interest to do so, withdraw the election it then made and say the policy was forfeited. See Inter-Southern Life Ins. Co. v. Duff, et al., 184 Ky. 227; also New England Mutual Life Ins. Co. v. Springgate, 129 Ky. 527; Limerick v. Home Ins. Co., 150 Ky. 827; Walls v. Home Ins. Co., 114 Ky. 611; Union Central Life Ins. Co. v. Spinks, 119 Ky. 261; Moreland v. Union Central Life Ins. Co., 104 Ky. 129; American National Ins. Co. v. Brown, 179 Ky. 711; New York Life Ins. Co. v. Evans, 136 Ky. 391.

In the last case above referred to the court says that the acceptance of a note by the insurer is a waiver of the policy provision for cash payment of the premium, but is waived only for the period for which the note is to run, and if the note contains a provision of forfeiture if not paid at maturity it is treated substantially as a like provision in the policy. Consequently the provision of forfeiture may be waived by the insurer, upon the same principle that the policy provision may be waived, and if the note is not paid at maturity the forfeiture will be enforced if the insurer intends to and does thereupon treat the policy as void for nonpayment. But if the insurer retains the note as evidence of indebtedness to it or asserts it as a debt against the insured the forfeiture is deemed to have been waived.

In McDougald v. New York Life Ins. Co., 146 Fed. 674, the court had under consideration a policy with a provision similar to the one involved here. The policy was issued October 4, 1895; insured died November, 1898. The policy contained this provision: "If any premium is not paid on or before the day when due, this policy shall become void, and all payments previously made shall remain the property of the company, except as hereinafter provided. A grace of one month will be allowed in pay-

ment of subsequent premiums after this policy shall have been in force three months, subject to an interest charge at the rate of 5 per cent per annum for the number of days during which the premium remains due and unpaid. . . ."

Though issued October 4, 1895, the policy was dated June 30, 1895, to enable the insured to receive the benefit of a lower premium rate. At the time the policy was issued insured gave his note in payment of the two year premium, but never paid the note. The premium was never paid in whole or in part. It was contended by plaintiff that the policy by its terms, through the acceptance of the note, was in effect until the first 30th day of June following the end of the two year period, which would be June 30, 1898, and that under the table of guaranties contained in the policy the insurance was continued without further payment of premiums to January 30th, 1901, and the insured having died in November, 1898, plaintiff was entitled to recover. Recovery was denied, but in passing upon the point at issue the court says:

"It necessarily follows that according to the terms of the policy even conceding for the purpose of this opinion, that there was a payment of premium by the giving of the note by McDougald, the policy became forfeited at the expiration of the month of grace after June 30, 1897, namely, July 31, 1897." McDougald did not die before the last named date, hence no recovery was allowed.

In the case at bar insured died before the expiration of the thirty days' grace, following the date of the second annual premium.

Williams v. Empire Mut. Annuity & Life Ins. Co. (Ga.), 68 S. E. 1082. In this case the insured executed his note for the first premium. The note was not paid at maturity. The court held that the note represented the premium for the entire year, and though the note matured before the death of the insured the company, by insisting upon the payment of the note, was held to have waived its right to forfeit the insurance within the year. In this case the company, notwithstanding the note had not been paid, mailed to the insured, fifteen days before the second premium should be due, a notice similar to the one hereinabove referred to, and the court says that if the company had elected to forfeit the policy, as they had a right to do when the note was not paid, then it

could not consistently notify the deceased, seven months after the note became due, that his annual premium would be due on August 5, following.

It is apparent, says the court, "that no construction can be placed upon this evidence other than that the company had elected to waive its right to forfeit the policy after the nonpayment of the note."

The allegation that the policy was cancelled November 27, 1915, is refuted by the notices mailed May 22, 1916, and the company having waived its right to forfeit the policy for the nonpayment of the note on July 15, 1915, coupled with the provision of the policy allowing thirty days' grace in the payment of premiums we are of the opinion that the lower court erred in peremptorily instructing the jury to find for the appellee.

Wherefore, the judgment of the lower court is reversed for further proceedings not inconsistent with this opinion.