## Morgan v. Home Insurance Company.

(Decided November 16, 1926.)

### Appeal from Oldham Circuit Court.

1. Insurance.—Policy stipulation that insurer shall not be liable for loss while note for premium is unpaid may be waived by insurer's retention of note and unconditional demand for payment.

2. Insurance.—To constitute waiver of forfeiture provisions of policy, election by insurer need not embrace elements of estoppel.

3. Insurance.—If policy of insurance lapsed before destruction of property by fire and was then suspended, nothing done by insurer's agent had effect of reinstating it.

4.  Insurance.—Right to enforce forfeiture of policy for nonpayment of premium or premium note is not waived by mere silence or inaction of insurer.

5.  Insurance.—Retention of premium note after maturity and mailing of notice to insured that policy has lapsed, and to revive it insured must pay note, is not unconditional demand for payment, nor does it constitute waiver.

6.  Insurance.—Retention and demand for payment of past due premium note subsequent to loss of property by fire and in ignorance of destruction does not constitute waiver of right to forfeit policy.

7.  Insurance.—Evidence that, after fire, agent informed insured's husband that he had received notice for collection of premium note, held consistent with theory that note was being retained by insurer to give insured opportunity to reinstate policy.

ROBERT T. & WILLIAM J. CROWE for appellant.

ROBERT G. GORDON and BRUCE, BULLITT, GORDON & LAUENT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellant sued to recover $1,200.00 on an insurance policy covering a barn and two silos which were destroyed by fire. At the close of her evidence the court gave a directed verdict for the defendant and she has appealed.

The policy was issued for a term of five years, payable in annual installments in advance; the first installment was paid at the time the policy was issued and the other four were embraced in a note of $203.50, payable in equal installments of $50.80 each the first day of October in each of the years 1923, 1924, 1925 and 1926, respectively. The installment due October 1, 1923, was paid, but the one maturing October 1, 1924, was not paid. The property was destroyed by fire on November 4th, 1924. The premium note contained the usual stipulation that " in case any one of the installments herein named shall not be paid at maturity . . . this company shall not be liable for loss during such default and the said policy shall lapse until payment is made to this company at the Farm Department as Chicago." It was also provided in the policy "that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for the premium upon this policy remains past due and unpaid . . . the company may

collect by suit or otherwise any past due notes or install-
ments thereof, and the receipt from the said Chicago
office of the company for the payment of the past due
notes or installments must be received by the insured be-
fore there can be a revival of the policy, such revival to
begin from the time of said payments, and in no case to
carry the insurance beyond the end of the original term
of its policy.''

No communication passed between the parties before
the fire, and the only witness introduced was appellant's
husband, who testified that the soliciting agent of the
company called on him on the 7th, and, ''He says, 'Jim,
is your insurance paid?' I says, 'Yes, there is none due
until the first of December.' He says, 'You are mistaken.'
he says, 'I received notice from the company, says, it was
due the first of October.' I says, 'I think you are mis-
taken, I will look up my policy, and I found out he was
correct.' I says, 'I will give you a check for that money.'
He says, 'I am going down to Louisville Monday, you
can give it to me any time between now and then and I
will take it in and I am going to write them.' so I gave
him the check the next day and he wrote and sent it in to
Chicago, and on the eleventh I received notice of the can-
cellation. I have always depended on them giving me
notice when my insurance was due and have always sent
them check when I received the notice. I carry a great
number of policies.'' . . . Q. ''Now, then, what did
he say to you, if anything, about having a note to collect
against you?'' A. ''He asked me about the insurance
being paid, he said they had sent him a notice or note
for collection.'' Q. ''Sent him a note for collection?''
A. ''Yes, sir. . . . '' Q. ''Did you know where
the installment note was?'' A. ''It was in Chicago.''
Q. ''It was in the office of the Home Insurance Com-
pany?'' A. ''Yes, sir.'' Q. ''Has it ever come into
your possession?'' A. ''No, sir, not until after they can-
celled it.'' Q. ''When did they send it to you?'' A.
''On November eleventh.'' Q. ''It was returned to-
gether with your check on November eleventh?'' A.
''Yes, sir.''

The validity of the stipulation for the policy to lapse
during the period of default in payment of premium note
is not questioned. In this state the rule that such stipula-
tion may be waived by the insurer's retention of the note
and making an unconditional demand for payment is
equally well settled. New England Mutual Life Insurance

Co. v. Springgate, 129 Ky. 628; Union Central Life Ins. Co. v. Duvall, 20 Rep. 441; Limerick v. Home Ins. Co., 150 Ky. 827; Moreland v. Union Central Life Ins. Co., 104 Ky. 129; Walls v. Home Ins. Co. of New York, 24 K. L. R. 1452; Moore v Continental Ins. Co., 107 Ky. 273. Also, while there is strong authority to the effect that to constitute a waiver of the forfeiture provisions an election by the insurer must embrace the elements of an estoppel, such is not the rule in this jurisdiction, as it has been held in several cases that where a notice making an unconditional demand for the payment of the past due premium note is mailed before loss but is not received before the death of the insured on a life policy or the destruction of the property covered by a fire policy such demand constitutes a waiver. See Springgate, Duvall and Limerick cases, *supra*. The rule is thus stated in the Springate case and cited with approval in the Limerick case: "It is not material that the letter was not received or read by the insured. The case does not turn on his conduct, but on the election of the company to treat the policy as forfeited."

Obviously, if the policy had lapsed before the fire and was then suspended nothing said or done by the insurer's agent would have the effect of reinstating the policy, Continental Co. v. Stratton, 185 Ky. 523; Hopkins v. Phoenix Ins. Co., 200 Ky. 365, and it is uniformly held that the right to enforce a forfeiture for nonpayment of a premium or premium note is not waived by mere silence or inaction on the part of the company. New York Life Ins. Co. v. Conner, 155 Ky. 779; Franklin Mutual v. Mc-Afee, 28 L. R. 675; Manhattan Life Ins. Co. v. Savage, 23 L. R. 483; Crutchfield v. Union Central Life Ins. Co., 23 L. R. 2300; New York Life Ins. Co. v. Warren Deposit Bank, 25 K. L. R. 325; Manhattan Life Ins. Co. v. Pentecost, 20 L. R. 1442. Likewise the retention of such premium note after maturity and the mailing of a notice to insured notifying him that his policy had lapsed, and that if he wished to revive his insurance he would have to pay the note, is not an unconditional demand for payment and does not constitute a waiver. Continental Ins. Co. v. Peden, 145 Ky. 775; Continental Ins. Co. v. Hargrove, 131 Ky. 837. Nor does such retention and demand for payment of a past due premium note subsequent to the loss of the property by fire and in ignorance of such destruction constitute a waiver. Potter v. Continental Ins.

Co., 107 Ky. 327. The general rule being thus epitomized in New Pork Life v. Conner, *supra*: "The doctrine of these cases is based on the fact that in each instance the company showed an unequivocal election to treat the policy as a subsisting obligation."

As we have seen, ordinarily such election is established by proof of retention of the premium note accompanied by an unconditional demand for payment, though no doubt it may be shown by other competent evidence.

Here the company retained the premium note during the period of default but made no demand for payment. After the fire the agent informed appellant's husband that he had received the note or a notice for collection, but not saying when. It rather appears to have been a notice, as the evidence shows that the note was then in Chicago. The agent received a check for the premium and mailed it to Chicago for action by the company, which promptly returned the check and cancelled note. All of this was consistent with the theory that the note was not being held as a subsisting demand to be paid at all events, but was merely being retained to give plaintiff an opportunity for reinstating the policy.

Wherefore, the judgment is affirmed.