# Hoover et ux. v. Hartford Fire Insurance Company.

(Decided December 18, 1928.)

THOS. E. FINLEY and J. A. JONSON for appellants.

FOX & GORDON and J. T. GOOCH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action upon a contract of insurance. G. L. Hoover and wife insured their dwelling, household goods, barn, and some other property in the Hartford Fire Insurance Company for a period of five years. They paid $40.56 in cash on or before November 1, 1922, and executed an installment note to the insurance company for $162.24 for the balance of the premium, payable one-fourth on the 1st day of November in each of the ensuing four years. The installment note and insurance policy each contained a provision to the effect that the company should not be liable for any loss or damage that might occur to the insured property whilst any installment of the premium note, or any portion thereof, remained due and in default. In March, 1925, all of the insured property was destroyed by fire. The company denied liability for the loss, and this action upon the contract was instituted by the insured. At the conclusion of the evidence offered by the plaintiffs, a peremptory instruction was given the jury to find for the defendant. A new trial was requested and refused, resulting in this appeal by

the plaintiffs. The defense of the insurance company was rested upon the admitted failure of the insured to pay the installments of the premium note that fell due, respectively, on November 1, 1923, and on November 1, 1924. The appellants relied upon a waiver of the suspension provisions of the note and policy by reason of an unconditional demand for payment and retention of the note by the company. The waiver was denied. The question is whether there was sufficient evidence of waiver of the conditions of the note and policy to require submission of the case to the jury.

The collection of the agreed premiums for insurance is vital to the insurance business, and it is consistent with the policy of the law to stipulate in the contract that the payment of any note given for the premium shall operate as a condition to the continuance of the contract. Morgan v. Home Insurance Co., 216 Ky. 589, 288 S. W. 321; Ray v. Commonwealth Life Ins. Co., 184 Ky. 215, 211 S. W. 736; Clifton v. Hartford Ins. Co., 203 Ky. 779, 263 S. W. 338; New England Mutual Life Ins. Co. v. Springate, 129 Ky. 627, 112 S. W. 681, 113 S. W. 824, 19 L. R. A. (N. S.) 227.

The condition, however, is for the benefit of the insurance company, and this court has held that such stipulation may be waived by the insurance company holding the note and making an unconditional demand for payment of it. Cases supra. The election of the company to treat the insurance as in suspension during default in the payment of the note cannot be reconciled with holding the note as a valid obligation and making unconditional demand for its payment. If the note be treated as a valid and subsisting obligation, the insurance contract cannot be treated as void. The company in this case retained the note, so the question is narrowed to a consideration of the evidence to ascertain whether an unconditional demand for payment was made. No demand whatever was made upon the insured for the payment of the installment of the note due November 1, 1924. But it is insisted that such demand was made as to the installment due November 1, 1923, and that the company refused to cancel the policy. The testimony shows that the agent, who issued the policy, called upon the insured in July or August, after the note was due, and asked the appellant what he was going to do about it. Mr. Hoover responded that he was not able to pay the note, being confined to his bed by illness, and if the company would cancel the insurance it would be agreeable. The agent

answered that the company would not do that, and endeavored to persuade Mr. Hoover that he should by all means pay the premium and keep his insurance in force. This is all that occurred, and we are unable to interpret it as an unconditional demand for payment of the note. The insurance was then in suspension for failure to pay an installment due months before, and when the next installment came due there was a failure to pay it. The agent's conversation indicated anxiety that Mr. Hoover should keep his insurance in force, but made it plain to him that the note would have to be paid in order to accomplish that end. The case falls within the reasoning of the opinion and the result reached in the case of Morgan v. Home Insurance Co., 216 Ky. 589, 288 S. W. 321. There the company retained the premium note after it was due and in default, but made no demand for payment or effort to collect it. The agent had informed the insured's husband that he had received the note or a notice for collection, not indicating any particular time. A check had been mailed to the company, but it was later returned together with the canceled note. The company was held not liable for the loss incurred while the policy was suspended.

It is argued for the appellant that the effort to collect the first installment of the premium note constituted an irrevocable election to treat the policy as valid for the entire term. We have seen, however, that there was no unconditional demand for payment of any installment of the note. There was simply an inquiry as to what the insured proposed to do about it, coupled with some suggestions as to the importance and necessity of making payment to keep the insurance alive. It is not necessary, therefore, for us to decide in this case whether a demand to pay one installment of a note would constitute a waiver of subsequent installments. We have assumed, without deciding, that the acts of the agent in this case would bind the company, and in view of our interpretation of the agent's conduct, it is unnecessary to consider or decide the point urged by the company that it was not bound by the acts or conduct of the particular agent with reference to a waiver.

It is argued that there was error in refusing to permit the deposition of Mr. Hoover to be read. His testimony added nothing material to the evidence already admitted. It was substantially the same as the testimony of Mrs. Hoover. In such situation, it is unnecessary to

decide whether the testimony should have been admitted, as its exclusion was not prejudicial to appellants.

The evidence in this case was not sufficient to justify a jury in holding that the company held the note of appellants as a subsisting debt or made an unconditional demand for its payment, and the court committed no error in directing a verdict for the defendant. The case is an unfortunate one, but the misfortune cannot be visited upon the insurance company when, by the terms of the contract, the parties had agreed that it should not be.

The judgment is affirmed.