## Fidelity Phenix Fire Insurance Company v. Flora.

(Decided October 7, 1930.)

440

T. M. GALPHIN, Jr., GORDON & LAURENT and THOMAS & BELL for appellant.

G. D. MILLIKEN and M. D. BURTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On November 28, 1924, the Fidelity Phenix Fire Insurance Company issued to Ben Flora a policy insuring his dwelling house in the sum of $350, his household and kitchen furniture in the sum of $150, and other property in the sum of $450. The dwelling house and the household and kitchen furniture were destroyed by fire on March 6, 1929, and in this action on the policy the insured recovered a judgment for $500. The company appeals.

The facts are these: The policy ran for five years, and the premium of $56.50 was divided into five equal installments of $11.30 each. The first installment was payable in cash and the subsequent installments were to be paid on January 1, 1926, January 1, 1927, January 1, 1928, and January 1, 1929. The insured executed his note to cover the last four installments. The installment due on November 28, 1924, was not paid until two months thereafter. The second installment, payable on January 1, 1926, was not paid until April 17, 1926. The third installment, payable on January 1, 1927, was not paid until May 12, 1927. The payment of the fourth installment, due on January 1, 1928, was not paid until March 5, 1928. The fifth installment, payable on January 1, 1929, was not paid at the time of the fire, which occurred on March 6, 1929.

The policy contained the following provision: "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any promissory note or obligation, or part thereof, given for the premium remains past due and unpaid."

The premium note contained the following provision: "It is hereby agreed that in case of non-payment of any one of the installments herein named at maturity this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company in New York or to its Western Department at Chicago."

On December 1, 1928, the company sent the insured the following notice:

"The last installment of premium for your insurance in this Company under Policy Number 1130812, amounting to $11.30 will fall due on the first day of January, 1929.

"Remittance may be made by Money Order, Bank Draft or Personal Check payable to the Fidelity Phenix Fire Insurance Company at Chicago.

"Do not fail to remit promptly, as the policy provides that insurance shall be suspended during the delinquency of any part of your note given for premium on the policy."

On January 15, 1929, the company wrote the insured the following letter:

"We have previously sent you notice of the maturity of your installment given for insurance in this company under Policy No. 1130812 but have received no reply. Possibly our notice has miscarried, or has not come to your personal attention and we therefore again remind you.

"Do not overlook the fact that insurance under the policy is now suspended, and that you have no protection under it while the premium past due remains unpaid; therefore it is to your advantage that remittance come forward without delay. The amount of the payment necessary to reinstate the insurance is $11.30.

"Remit promptly to this office by Money Order, Bank Draft or Personal Check drawn payable to the Fidelity Phenix Fire Insurance Company in order to reinstate your insurance.

"In replying please quote the number of your policy, or return this notice."

, Again on February 5, 1929, the company wrote insured as follows:

> "Your failure to remit $11.30 the amount of the installment past due upon your note and policy No. 1130812 necessitates our again calling this to your attention.
>
> "Remittance not having been received causes your policies to be suspended until this payment is made, therefore it is to your advantage to pay this at once so as to revive your insurance thereby securing the protection of the policy, in accordance with its terms and conditions.
>
> "You owe it to yourself and family to protect your home and possessions and with this in mind we feel certain that you will want to make immediate settlement. All remittances should be made direct to the Company at Chicago, giving the policy number or returning this notice.
>
> "If the remittance has already been made please consider this a reminder that we are trying to help you maintain the protection of your property.
>
> "A copy of the condition of your policy referring to payment of premium will be found on back of this notice."

On March 12, 1929, the company wrote as follows:

> "By again calling your attention to the unpaid installment of $11.30 upon your note and policy No. 1130812 we are endeavoring to help you secure and maintain the protection which these policies in good standing will afford. It appears that you do not realize the importance of this matter or overlooked the fact that your policies are suspended by your failure to pay the installment.
>
> "You have received our several notices regarding this delinquency and we can not understand your inattention to same. Kindly extend to us the courtesy of a reply and advise by return mail what you intend to do about paying this installment of your premium note."

The record further discloses that, when the insured became delinquent on January 1, 1926, January 1, 1927, and January 1, 1928, the company sent him notices

similar to the above, and advising him in each instance that the policy was in suspense.

The company defended on the ground that the policy was not in force at the time of the fire, but was in suspense because of the nonpayment of the installment premium due on January 1, 1929. To avoid this defense, the insured pleaded an agreement by which the premium installments were not to be paid promptly, and relied on the acceptance of the previous installments long after they were due as a waiver of the company's right to insist that the policy was not in force at the time of the fire.

Even if such an agreement could have been shown, a question we need not decide, there was no evidence of any agreement that the premium installments were not to be paid when due. Moreover, the contention is not made, and could not be made, that the policy was kept in force by an unconditional demand for the payment of the last installment.

It is provided in substance in both the policy and premium note that the company shall not be liable for any loss or damage occurring during the default in payment of the premium note. These provisions are valid and enforceable. National Union Fire Insurance Co. v. McClure et al., 234 Ky. 748, 29 S. W. (2d) 1. In the circumstances, the case turns on the question of waiver. We have recognized the principle with respect to policies requiring the periodical payment of premium, and providing for a forfeiture for failure to pay on the day named that, if the insurer customarily receives overdue premiums from the insured and thereby induces him to believe that a forfeiture will not be incurred by a short delay in the payments of premiums, it cannot insist on a forfeiture by a delay induced by such custom. Brown v. Fidelity Mutual Life Ins. Co., 197 Ky. 430, 247 S. W. 47. At the same time we approved of the following statement of the rule taken from 14 R. C. L. sec. 361 "Insurance:" "To warrant a recovery where a premium is not paid when due, it is necessary to prove (1) the course of dealing between the insured and the insurer in reference to the acceptance of overdue payments amounting to a custom or habit; (2) that by reason of this course of dealing, the insured was justified in believing that the insurer would not insist on a forfeiture for failing to pay subsequent premiums; (3) that the insured believed he could postpone the payment of premiums without

risking a forfeiture; and (4) that he acted on this belief, and therefore did not pay the premium at its maturity.''

Clearly the facts of this case do not bring it within the operation of the above rule. Neither the policy nor the premium note provides for a forfeiture for nonpayment. The only effect of nonpayment of one of the installments is to suspend the policy during the period of delinquency. Not only so, but there was nothing in the company's course of dealing with the insured that could possibly justify him in believing that the company would not insist that the policy was in suspense, or that he could postpone the payment of the installment without risk of suspense. On the contrary, he was not only notified before default in both the last and prior installments that the policy would be suspended in case of default, but was also notified after the defaults that the policy was suspended, and that payment of the past-due installment was necessary to reinstate the policy. In view of this plain and unequivocal conduct on the part of the company, it cannot be said that the company waived its right to claim that the policy was not in force at the time of the fire.

A rather ingenious argument is made to the effect that, as the policy was suspended during the default in payment of the several installments the insured paid for insurance which he did not get, and that the only fair way to meet the situation is to make each year begin from the time of payment, with the result that the policy would be in force at the time of the fire. The fallacy of this contention lies in the assumption that the insured, upon payment of a yearly installment, was entitled absolutely to one year's insurance. That, however, is not the contract. It provides that he is entitled to insurance only upon condition that he pays his premiums when due. Clearly he could not fail to meet his obligation and make his default a ground for extending the policy so as to cover a period of time not included in the contract.

It follows from what we have said that the case should not have gone to the jury, but appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.