## Boggess v. Insurance Company of North America.

(Decided October 14, 1930.)

530

C. A. DENNY for appellant.

GORDON and LAURENT and EAVES & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

In an action upon a fire insurance policy, the trial court directed a verdict for the insurance company. The insured has prosecuted an appeal to determine the correctness of the decision. The ultimate question to be decided is whether the insurance company waived a provision of the policy suspending the insurance during the time any installment of a premium note was past due and unpaid. The waiver is asserted upon two grounds: (1) That the local agent informed the insured if payment of the portion of the premium due was made when the next installment became payable a year later it would be all right; and (2) that the company retained the past-due note and made an unconditional demand for payment thereof.

1. The pleading and proof for the insured showed that he contemplated a vacancy in the insured property, and requested the local agent of the insurance company to obtain a vacancy permit. In case the vacancy permit was not obtained, he did not intend to pay the installment of the premium note presently maturing since his insurance would not be valid when the property was vacant. The agent responded that he probably could not get a vacancy permit, but, if a tenant was obtained, and the portion of the premium then maturing should be paid by the time the next annual installment was due, it would be all right. It appeared that the company on prepared forms had notified the insured that an installment of

the premium note would be due in about two weeks thereafter, and should be paid promptly to avoid suspension of the insurance. The company would not be responsible for any loss occurring while any installment of the premium note remained past due and unpaid. This, perhaps, was before the communication with the agent, but the appellant admitted that subsequently he received two notices from the company advising that his failure to pay an installment of the premium note had automatically suspended the insurance. The final notice was given about thirty days after the note was due. It also advised the insured that he could make a settlement by paying the short-term rate if he decided to cancel the policy. Forms were inclosed and specific directions given regarding remittance of the amount due under either option. The company makes the point that its local agent had nothing to do with the collection of premium notes and was not authorized to vary or waive the terms of the contract respecting payment of premiums. But, however that may be, we need not decide, since the appellant could not rely upon what the agent had said in the face of express notice from the company that the insurance was in suspense because the payment was not made. Home Insurance Co. v. Wood, 139 Ky. 657, 72 S. W. 15, 24 Ky. Law Rep. 1638, Ann. Cas. 1912B, 373; Staples v. Continental Insurance Co., 223 Ky. 842, 5 S. W. (2d) 265. The collection of the premiums is vital to the business of insurance companies, and it is a reasonable stipulation in such contracts that, if premium notes are not paid promptly, the insurance will be suspended during the default. Hoover v. Hartford Fire Insurance Co., 227 Ky. 88, 11 S. W. (2d) 976; Fidelity Phoenix Fire Insurance Co. v. Flora, 235 Ky. 439, 31 S. W. (2d) ———. The foundation of the doctrine of waiver is that the company by its conduct, or its authorized words, has induced the insured to believe that the insurance would not be affected by a variation from the strict letter and rigid requirements of the policy. Central Life Insurance Co. v. Roberts, 165 Ky. 305, 176 S. W. 1139; Home Life Insurance Co. v. Ballew, 96 S. W. 878, 29 Ky. Law Rep. 1059; Morgan v. Home Insurance Co., 216 Ky. 589, 288 S. W. 321. The reason for the rule is that it would be unjust for the company after a loss to insist upon something it had led the insured to believe it would waive. But in this instance the company emphatically

advised the appellant in advance, and promptly after the suspension, that it was insisting upon the very letter of the contract. Yet the insured let the matter drift for months, and did nothing until the loss occurred. In that situation the insured was not justified in relying upon the equivocal statement of the local agent without some further understanding with the principal. Home Insurance Co. v. Wood, 139 Ky. 657, 72 S. W. 15, 24 Ky. Law Rep. 1638, Ann. Cas. 1912B, 373.

2. The insured testified that the company made unconditional demands upon him for payment of the premium note and threatened legal action for its collection. He did not produce the writings about which he testified, and did not account satisfactorily for their nonproduction. He took no steps to require the company to produce the correspondence. By seasonable notice he could have required the company to supply the evidence. 22 Corpus Juris, p. 1059; Louisville & Nashville R. R. Co. v. Johnson, 161 Ky. 824, 171 S. W. 847; Connecticut Fire Insurance Co. v. Moore 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106. Secondary evidence was not admissible in the absence of such preliminary steps. In his testimony respecting the contents of the documents, all of which were admitted to be in writing, appellant did not undertake to state the terms employed, or the substance thereof, but contented himself with his own conclusion that the communications contained a demand for the money and a threat to send the note to an attorney for legal action. The copies produced by the company showed that the insured was offered two options of settlement, one of which he was bound to choose. He could pay the premium and revive the insurance, or cancel the policy and settle according to the cancellation rate. If he did neither, the company would be forced to place the note with their attorney to proceed under the law in accordance with the terms of the insurance policy. Even when secondary evidence is competent, a witness is not permitted to state his conclusions. He must state the facts, and, when referring to written documents, the contents, or the substance thereof, must be given. Staples v. Continental Insurance Co., 223 Ky. 842, 5 S. W. (2d) 265. Appellant practically admitted that he received the form letters introduced in evidence by the company. Insurance companies are not permitted to

enforce the forfeiture of insurance contracts because of failure to pay an enforceable obligation, while insisting upon collection of the debt. New England Mut. Life Insurance Co. v. Springgate, 129 Ky. 628, 112 S. W. 681, 113 S. W. 824, 19 L. R. A. (N. S.) 227; Union Central Life Insurance Co. v. Duvall, 46 S. W. 518, 20 Ky. Law Rep. 441; Limerick v. Home Insurance Co. 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371; Moreland v. Union Central Life Ins. Co., 104 Ky. 129, 46 S. W. 516, 20 Ky. Law Rep. 432; Inter-Southern Life Ins. Co. v. Duff, 184 Ky. 230, 211 S. W. 738; Walls v. Home Ins. Co., 114 Ky. 611, 71 S. W. 650, 24 Ky. Law Rep. 1452, 102 Am. St. Rep. 298; Moore v. Continental Ins. Co., 107 Ky. 273, 53 S. W. 652, 21 Ky. Law Rep. 977; Ray v. Commonwealth Life Ins. Co., 184 Ky. 219, 211 S. W. 736; Morgan v. Home Ins. Co., 216 Ky. 589, 288 S. W. 321.

But such is not this case. Here no attempt was made to forfeit the insurance for a period covered by a premium note which was collectible, and which was retained as a subsisting obligation. There was no unconditional demand for payment of the very debt in default of which the insurance was defeated. Continental Ins. Co. v. Peden, 145 Ky. 779, 141 S. W. 43; Fidelity Phoenix Fire Ins. Co. v. Flora, 235 Ky. 439, 31 S. W. (2d) —; Limerick v. Home Ins. Co., 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371. The provision of the contract in this case was that, while a premium note was past due and unpaid, the protection would be suspended, and, when it was paid, the insurance would be revived. Under the facts shown nothing less than payment of the premium would revive the lapsed liability, and by the contract itself, the insurance would remain in suspense during default in the payment of the note. The company did not waive these provisions, but advised appellant of the situation, and of the necessity of payment to revive the contract. The insured deliberately elected to take the risk, and the company did not treat him unreasonably in standing upon the rights the contract gave it. Hoover v. Hartford Fire Insurance Co., 227 Ky. 88, 11 S. W. (2d) 976.

Taking the view of the evidence most favorable to appellant, as we must do to sustain a peremptory instruction, it is clear there was no waiver of the suspension of the insurance resulting from failure to pay the premium note. Since the fire occurred during the

suspension period, the company was not liable for the loss. The circuit court correctly construed the evidence and entered the appropriate judgment.

The judgment is affirmed.