## Lindsey v. Home Insurance Company.

(Decided June 21, 1932.)

LOGAN & LOGAN for appellant.

THOMAS & BELL; GORDON, LAURENT & OGDEN; and T. M. GALPHIN, JR., for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

C. W. Lindsey sued the Home Insurance Company upon a fire insurance policy. The defense was rested upon the fact that the fire occurred while the insurance was in suspense because of failure of the insured to pay an installment of a note given for the premium.

The policy and the premium note both provided that the protection should be suspended during default in the payment of any part of the premium note. The facts were stipulated, and the plaintiff sought to excuse his failure to pay the past-due premium by the act of a bank clerk in failing to pay plaintiff's check given for the purpose. The case was submitted to the circuit court on the facts stipulated, and judgment was rendered for the defendant. The plaintiff has prosecuted an appeal.

The facts necessary to be noticed may be shortly summarized. The policy was to run five years, and the premium was evidenced by a note to be paid in five equal annual installments. The first installment was paid, but the next one, which fell due on September 1, 1928, was omitted. When it was eighteen days past due, the insurance company wrote to a mortgagee in whose favor any loss was payable, stating that ten days would be allowed for the payment of the portion of the premium then past due. Lindsey apparently learned of the letter, and within ten days from the date of that letter he mailed his personal check to the insurance company at Chicago to pay the premium. The check was deposited for collection, and it was sent through the regular channels for that purpose. The bank on which the check was drawn returned it unpaid, and when it reached the insurance company the fire had occurred. The company then returned to the insured both the check and the premium note, and declined to recognize liability for the loss which had occurred while the premium was unpaid and the policy was in suspense.

Lindsey was a regular customer of the bank on which the check was drawn, and had arranged with its cashier to honor his check whether or not he had funds on deposit, but in the temporary absence of the cashier his assistant returned the check because of insufficient funds on deposit to the credit of Lindsey to pay it. The assistant was not aware of the arrangement the cashier had made. A week or ten days later the cashier wrote to the insurance company to return the check, stating that it would be paid, but the company had then sent the check and premium note back to Lindsey.

It is first argued that the pleadings failed to present the issues of waiver and estoppel relied on by appellant because no reply was filed to the answer, and no waiver or other avoidance of the defense interposed was advanced by the pleadings. The stipulation of the facts obviated the necessity for further pleading, and entitled the parties to rely upon any right arising out of the facts stated. When the judgment of a court is invoked upon a particular state of facts, appropriate pleadings on behalf of all parties to justify consideration of the facts stated are presumed to be present. In such a situation there is no function for a pleading to fulfill. It is dispensed with by the facts agreed upon which take the

place of pleading and proof. Saltonstall v. Russell, 152 U. S. 628, 14 S. Ct. 733, 38 L. Ed. 576; Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S. W. (2d) 1039.

Under the terms of the contract, the failure to pay a premium note or any installment thereof operated to suspend the insurance during such default. If a loss occurs during the default, and while a policy is in suspense, and no waiver or estoppel appears, the company is not liable for the loss. Continental Ins. Co. v. Peden, 145 Ky. 775, 141 S. W. 431; Continental Ins. Co. v. Stratton, 185 Ky. 523, 215 S. W. 416, 9 A. L. R. 391; Continental Ins. Co. v. Brown, 216 Ky. 19, 287 S. W. 16; Morgan v. Home Ins. Co., 216 Ky. 589, 288 S. W. 321; Fidelity Phenix Fire Ins. Co. v. Flora, 235 Ky. 439, 31 S. W. (2d) 699; Boggess v. Insurance Co. of N. A., 235 Ky. 529, 31 S. W. (2d) 899.

It must be conceded that the premium due on September 1, 1928, was not paid. The check designed to pay it was rejected and returned through no fault of the insurance company. It did nothing to waive its rights, or to mislead the insured.

A premium under some circumstances may be paid by a check, Republic Life & Accident Ins. Co. v. Hatcher, 244 Ky. 574, 51 S. W. (2d) 922, this day decided, but, under the circumstances disclosed by the stipulation in this case, the premium was not in fact paid, Ratliff v. St. Paul F. & M. Ins. Co., 207 Ky. 492, 269 S. W. 546. The company did not cancel and surrender the premium note in consideration of the check, but held to the note and sent the check through the proper channels for collection. Continental Ins. Co. v. Stratton, 185 Ky. 523, 215 S. W. 416, 8 A. L. R. 391. When the check was not paid, both it and the note were canceled and returned to the insured. The loss occurred while the insurance was in suspense, and it was never reinstated.

If the insured was disappointed by what happened at his own bank, it did not increase his rights under the contract with the insurance company. Plainly there was no waiver by the insurance company. If the loss had occurred during the ten-day period specified in the letter to the mortgagee, or if the check had been paid when presented, different questions would arise. But the loss in this case occurred after the expiration of the period specified in the letter, and at a time when the policy was in suspense by its own terms and by the terms of the

premium note.  Boggess v. Ins. Co., 235 Ky. 529, 31 S. W. (2d) 899.

It follows that the circuit court correctly decided the case in favor of the insurance company.

The judgment is affirmed.