## Cowan v. Pursifull.

(Decided Oct. 13, 1933.)

E. N. INGRAM for appellant.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Nelson Cowan, a resident of Page voting precinct in Bell county, asked the trial court by mandamus to compel John Mat Pursifull (the county court clerk) to have Cowan's name printed on the official ballots for the election to be held November 7, 1933, as a candidate for the office of a member from educational division 4 of the Bell county board of education. Having been denied the relief sought, he has appealed.

Cowan's petition shows he was qualified to become a candidate for the position he sought and had taken all the necessary steps to do so. The substance of Pursifull's answer is that Cowan is not a resident of educational division 4, because the county has been redistricted and by such new redistricting Cowan is now a resident of educational division 3, and for that reason he as clerk had refused to put his name on the ballots. It was stipulated that before July 1, 1923, the Bell county board of education had divided that county into five educational divisions, of which division 4 as so laid out contained several voting precincts, one of which was "Page." That on January 20, 1933, the Bell county board of education redistricted the county, and by such redistricting the Page voting precinct was placed in educational division No. 3. The decisive question is: Did the board of education have the power to make this change? The answer is: "No."

All the power it has relative to dividing the county into educational districts is that found in section 4399a–

1b, Ky. Stats., and the board having exercised that power previous to July 1, 1923, it is not possible for it to make a change therein until the Legislature provides therefor.

It is argued that because the Legislature formerly gave the county judge, the county attorney, and the county superintendent of schools power to change the educational divisions of the county after they had made them (see section 4426a-2, Ky. Stats.), it should have given the power to make similar changes to the county boards of education. That would be a good argument to address to the Legislature, but as it withheld such power this court is without authority to bestow it.

The defendant filed a special demurrer to the petition because the Bell county board of education was not made a party; but as no valid reason is or could be given why it should have been a party, the special demurrer was properly overruled. The general demurrer to the petition was properly overruled, but the court erred when it overruled Cowan's demurrer to the answer. This was an ordinary action, and Pursifull contends it must be affirmed if the pleadings support the judgment, which is true; but it is equally true it must be reversed if they do not do so.

In passing on this question the court will treat this stipulation of facts as a part of the pleadings. In Kurtz v. Graybill, 192 Ill. 445, 61 N. E. 475, 477, we find this: "The effect of the stipulation must be regarded as incorporating such fact, in proper form, in the declaration as one of its allegations." This is from 60 C. J. p. 82, sec. 75: "The legal effect of a stipulation as to facts, it has been held, is to incorporate into the pleadings all the facts agreed upon as one of the allegations thereof." And this is taken from Lindsey v. Home Ins. Co., 244 Ky. 580, 51 S. W. (2d) 924, 925: "The stipulation of the facts obviated the necessity for further pleading, and entitled the parties to rely upon any right arising out of the facts stated."

It follows the court erred in dismissing Cowan's petition. He is awarded the relief he sought; the trial court will set aside the judgment appealed from and award Cowan the relief for which he prayed.

Judgment reversed.